**John Cook THOMAS, Plaintiff-Appellant,**

v.

**Sara Cousins SELLERS,
Defendant-Appellee.**

**No. 81–7822.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 8, 1982.

Ira Burnim, Montgomery, Ala. (Court Appointed—Not Under Act), for plaintiff-appellant.

Larry L. Raby, Billington M. Garrett, and Elizabeth Ann Evans, Asst. Attys. Gen., Montgomery, Ala., for defendant-appellee.

Before VANCE and JOHNSON, Circuit Judges, and ALLGOOD *, District Judge.

PER CURIAM:

In 1977, John Cook Thomas was sentenced to eight years in jail on a Mobile County, Alabama burglary charge. After a successful appeal and upon being re-tried he received a sentence of five years on this charge. Considering this conviction alone, appellant was scheduled for a hearing before the Alabama Board of Pardons and Paroles in January, 1979. That date was set based on appellant having served one-third of his Mobile sentence. Appellant was not aware that this date had been set. After setting the hearing date, the Board learned that Thomas had been convicted of grand larceny in Tallapoosa County, Alabama in April, 1978 and received an eight year sentence to run concurrently with the earlier conviction. When the Board was informed of the Tallapoosa County conviction, the date the appellant would be eligible for parole was re-determined and the hearing before the Board was rescheduled for March, 1981.

---

* Honorable Clarence W. Allgood, U. S. District Judge for the Northern District of Alabama, sitting by designation.

Thomas filed this *pro se* action pursuant to 42 U.S.C. § 1983 against Sara Cousins Sellers, Chairman of the Alabama Board of Pardons and Paroles. Thomas alleged the Board had violated his constitutional rights to due process of law when it changed the date of the hearing without notice to him.

The defendant-appellee filed a motion for summary judgment explaining that the original hearing date was cancelled because Thomas was not eligible for parole in January, 1979, due to his Tallapoosa County conviction. Thomas opposed this motion and filed his own motion for summary judgment. He contended that the Alabama statutes [1] contain mandatory language directing that parole be granted when certain conditions are met. Thomas argues that this mandatory language creates a protectable liberty interest. He further contends that the appellee's failure to notify him of the changed parole date denied him a fair opportunity to be heard.

The District Court for the Middle District of Alabama, on June 19, 1981, granted the defendant's motion for summary judgment and denied plaintiff's motion. The District Court held that Thomas was not constitutionally entitled to a hearing because the language of the Alabama statute makes parole within the discretionary power of the parole board after their consideration of numerous factors. *Thomas v. Sellers* (Civil Action No. 80–484–N, June 19, 1981).

The United States Supreme Court in *Greenholtz v. Inmates of The Nebraska Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), addressed the issue of an inmate's right to the constitutional protection of due process in parole considerations. The Nebraska statute provided that inmates were to be released *unless* certain criterion were found by the parole board. The Supreme Court, when presented with the argument that a prisoner has a constitutionally protected interest in a parole hearing stated, "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id.* at 7, 99 S.Ct. at 2103. However, the Supreme Court found that the language of the Nebraska statute did provide for automatic parole unless certain factors were found to exist, therefore Nebraska inmates had a liberty interest in parole. The importance of the precise wording of each state's statute was further emphasized when the Supreme Court found the Connecticut statute did not create a liberty interest because of the discretion given the parole board in that state. *Connecticut v. Dumschat,* 452 U.S. 458, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981).

The Fifth Circuit examined the Texas statute, which is similar to the Alabama

1. § 15–22–26. Standards for release of prisoners on parole.

No prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the board of pardons and paroles is of the opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society. If the board shall so determine, such prisoner shall be allowed to go upon parole outside of prison walls and enclosure upon such terms and conditions as the board shall prescribe, but to remain while thus on parole in the legal custody of the warden of the prison from which he is paroled until the expiration of the maximum term specified in his sentence or until he is fully pardoned. (Acts 1939, No. 275, p. 426; Code 1940, T. 42, § 7; Acts 1951, No. 599, p. 1030.)

§ 15–22–28. Investigation for parole; cooperations with board of corrections; temporary leave, restrictions on paroling; minimum sentence to be served prior to eligibility for parole.

\*　　\*　　\*　　\*　　\*　　\*

(d) No prisoner shall be released on parole except by a majority vote of the board, nor unless the board is satisfied that he will be suitably employed in self-sustaining employment or that he will not become a public charge if so released. The board shall not parole any prisoner for employment by any official of the state of Alabama, nor shall any parolee be employed by an official of the state of Alabama and allowed to remain on parole; provided, however, that this provision shall not apply in the case of a parolee whose employer, at the time of the parolee's original employment, was not a state official.

statute, in *Williams v. Briscoe,* 641 F.2d 274 (5th Cir. 1981). The court determined the language of the Texas statute was not like the mandatory language of the Nebraska law and held there was no entitlement to release after a minimal period of incarceration. *Id.* at 277.

The Alabama statute like the Texas statute calls for discretionary rather than mandatory action on the part of the board. The law directs the board to consider a number of factors in making their determination, which is a subjective rather than objective determination. It does not contain any language that mandates parole as was found in *Greenholtz.* When the statute is framed in discretionary terms there is not a liberty interest created.

We find that the action of the Alabama Board of Pardons and Paroles in redetermining the date Thomas would be eligible for a hearing before the board was within the powers established by the statutes. We do not find this action to be arbitrary or capricious as the appellant contends. We have stressed in the past that absent fla-grant or unauthorized action by a parole board the discretionary power vested in a parole board will not be interfered with by the Federal courts. *United States v. Norton,* 539 F.2d 1082 (5th Cir. 1976); *Scarpa v. United States Board of Parole,* 477 F.2d 278 (5th Cir. 1973); *Tarlton v. Clark,* 441 F.2d 384 (5th Cir. 1971); *Thompkins v. United States Board of Parole,* 427 F.2d 222 (5th Cir. 1970).

Since the court finds that the Alabama parole statutes do not create a liberty interest and that appellant has failed to show arbitrary or capricious action on the part of the Alabama Board of Pardons and Paroles, the claims of the appellant are without merit. We accordingly affirm the decision of the district court.

AFFIRMED.