Leroy Hill appeals from the trial court's denial of his petition for writ of habeas corpus, in which he complained that alleged defamatory and erroneous statements in his prison file are keeping him from eligibility for parole, for lower custody classification, for work release, and for various other privileges and programs. The only contested statement specified in his petition is to the effect that his step-daughter, whom he was convicted of raping (in the second *Page 247 
degree), had to have an abortion because "it was a life or death situation." To refute this statement, Hill attached to his petition a letter from a physician disagreeing with that assessment. The letter stated, "To the best of my knowledge and after review of the medical record in my possession, the abortion received by [the victim] on 3/23/84 was not for a life and death reason."
At the evidentiary hearing on Hill's habeas corpus petition, Hill presented no evidence; he merely stated that he would rely on the exhibits attached to his petition. However, he did explain that the statements about which he was complaining are contained in his presentence investigation report, which is evidently part of his prison file, and he specified additional contested statements to the effect that the prosecutor had letters from Hill's two oldest daughters claiming that he had engaged in intercourse with them also.[1] Hill did not offer proof of the falsity of the claims; he alleged, in his petition, only that in a prior probation hearing the trial court would not allow the letters into evidence, after being shown other letters, allegedly from Hill's daughters but in different handwriting, that rebutted the first set of letters. He had also attached, to his petition, a letter from his trial attorney stating that the authenticity of the letters was "denied" at trial, that they were not admitted into evidence, that Hill's daughters did not appear to testify, and that the letters "should not be given much credibility by the prison system."
At the evidentiary hearing, Dr. Marian Shinbaum, Department of Corrections director of classification, testified that the alleged statements did not affect Hill's eligibility for programs and that removal of the statements from Hill's file would not change his classification or his eligibility for parole. However, she admitted that she has nothing to do with the determination of an inmate's eligibility for parole. She further testified that, upon her review, she could not find any discrimination against Hill in regard to educational benefits, job assignments, vocational rehabilitation, and admission into sex offender programs and substance abuse programs.
In denying Hill's petition, the trial court found that Hill had not been denied any legally protected liberty interest.
 I II
Hill contends that the circuit court should have ordered that the alleged erroneous and defamatory statements be expunged from his prison file. The attorney general counters with the argument that Hill's petition fails to state a cognizable claim because he has shown no liberty interest in the matters that are the subject of s petition.
Our consideration of Monroe v. Thigpen, 932 F.2d 1437 (11th Cir. 1991), leads us to reject the attorney general's argument under the circumstances before us. In Monroe, the court reviewed the lower court's rejection of the petitioner's claim that he was being deprived of due process because allegedly erroneous information in his prison file was being used to deny him fair consideration for parole and minimum custody status. In rejecting the defendants' claim that, because the petitioner has no liberty interest in parole release or in particular security classification, he has no right to due process in the procedures relating to parole release, the court reasoned follows:
 "In Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7
[99 S.Ct. 2100, 2104, 60 L.Ed.2d 668] . . . (1979), the Supreme Court held that the Constitution does not confer a liberty interest in parole. The Court also determined, however, that states may confer such a liberty interest in parole under state law. Id. at 12 [99 S.Ct. at 2106]. . . . When a state statute, practice, or regulation provides for an expectancy of parole and limits official discretion to deny parole, then a liberty interest in parole is created. Id. Applying Greenholtz, we have previously determined that the Alabama parole statute, Ala. Code § 15-22-26 (1975), does not *Page 248 
confer a liberty interest in parole that is protected by the Due Process Clause because the statute provides that parole may be granted at the Board's discretion. Thomas v. Sellers, 691 F.2d 487, 488-89 (11th Cir. 1982) (per curiam). Accordingly, we noted that federal courts should not interfere with the discretionary decisions of the Board 'absent flagrant or unauthorized action' by the Board. Id. at 489. We have also held that the classification scheme adopted by the Alabama prison system to determine the custody status of prisoners 'is not arbitrary and capricious, but reasonable and appropriate.' Hendking v. Smith, 781 F.2d 850, 852 (11th Cir. 1986) (holding that regulation denying sex offenders minimum security status does not violate the Equal Protection Clause). In addition, we have stated that the classification system used by the Alabama prison system contains no inherent constitutional invalidity, but becomes constitutionally offensive only if 'the regulation is administered maliciously or in bad faith.' Id.; see also Francis v. Fox, 838 F.2d 1147, 1149-50 (11th Cir. 1998) (holding that Alabama statute governing the prisoner work-release program does not confer a liberty interest because it is discretionary).
". . . .
 "We cannot agree with the defendants' argument. It is true that the Alabama parole statute is framed in discretionary terms and therefore does not confer a liberty interest in parole. Ala. Code § 15-22-26 (1975); Thomas, 691 F.2d at 489. Nevertheless, this discretion is not unlimited. A parole board may not engage in 'flagrant or unauthorized action.' Thomas, 691 F.2d at 489. Section 15-22-26 cannot be read as granting the Board the discretion to rely upon false information in determining whether to grant parole. Therefore, by relying on the false information in Monroe's file, the Board has exceeded its authority under section 15-22-26 and treated Monroe arbitrarily and capriciously in violation of due process. Thomas, 691 F.2d at 489."
932 F.2d at 1441-42 (footnotes omitted). See also Andrus v.Lambert, 424 So.2d 5, 9 (Ala.Cr.App. 1982) (wherein the court stated that "parole should not be denied for false, insufficient, or capricious reasons").
In ordering that the defendants expunge the false information from the petitioner's prison records, the Monroe court focused on two crucial considerations: the defendants had admitted that the statements were indeed false and state officials had specifically relied upon them, at least in part, in classifying him and in denying him parole. These two considerations are absent from the instant case. Here, the state did not admit that the alleged statements are false and that it had relied upon that false information nor did Hill present any credible, competent evidence that his prison file contains any false information. In fact, because the presentence report is not in the record before us, we are uncertain of what it contains in regard to Hill's allegations. The Monroe court stated, as it had in Slocum v. Georgia State Board of Pardons and Paroles,678 F.2d 940, 942 (11th Cir.), cert. denied, 459 U.S. 1043,103 S.Ct. 462, 74 L.Ed.2d 612 (1982), that "prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration," 932 F.2d at 1442.
 III, IV V
We find to be without merit Hill's remaining issues, which are as follows: (1) the lower court erred in sustaining the state's objection grounded on lack of authentication to Hill's offer of a copy of his presentence report; (2) the court erred in failing to transfer his petition to the sentencing court; and (3) the court erred in refusing to appoint counsel to represent him.
Accordingly, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.
[1] These letters were mentioned in Hill's petition; however, he did not tie them to his claim. *Page 249