The appellant, Robert Tedder, filed a petition for a writ of certiorari with the Circuit Court for Montgomery County, attacking the denial by the Alabama Board of Pardons and Paroles (the Board) of his request for parole. The circuit court denied the petition; this appeal followed. A petition for a writ of certiorari filed in the Circuit Court is the correct method to challenge an administrative board's ruling. "In the absence of the right to appeal or other adequate remedy, the writ of certiorari lies to review the rulings of an administrative board or commission." Ellard v. State,474 So.2d 743, 748 (Ala.Cr.App. 1984), aff'd, 474 So.2d 758 (Ala. 1985). This Court's authority to consider this appeal is found in §12-3-9, Code of Alabama 1975, which states that this court shall have "exclusive appellate jurisdiction of . . . all post-conviction writs in criminal cases."
The appellant was convicted in 1987 of sodomy in the first degree and of three counts of enticing a child to enter a vehicle or a house for immoral purposes. He was sentenced to 25 years on the sodomy conviction and to a five-year sentence on each of the "enticing a child" convictions. The five-year sentences were to be served concurrently. The appellant's total time in jail was fixed at 30 years.
The state filed an answer to the petition. The answer contained the affidavits of the three members of the Board. Each of the three members stated the following:
 "Based on my review of the departmental file on Mr. Tedder, I did not feel that, if released on parole, Mr. Tedder would remain at liberty without violating the law and that his release on parole would be compatible with the welfare of society. Thus, I voted to deny parole. My determination was based on the nature and seriousness of Mr. Tedder's convictions, to-wit, Sodomy I (involving a ten year old girl) and three counts of Enticing a Child to Enter a Vehicle, House, etc., for Immoral Purposes."
The appellant's main contentions on appeal concern the alleged denial of due process in the conducting of the parole hearing. To invoke the due process protection, a "liberty interest" must be at stake. See Wolff v. McDonnell,418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). By definition, an inmate has no liberty interest in obtaining a parole. *Page 1263 
A liberty interest has traditionally been defined as follows:
 "Whether a prisoner has a 'liberty interest' in remaining free of any particular deprivation hinges on two questions: first, whether the conduct of prison officials is limited by a constitutional or statutory provision in that the prisoner can be said to have a 'legitimate entitlement' or expectation that he will not undergo a change in treatment except under the occurrence of certain events. . . .
 "The second determinant for a 'liberty interest' is the nature of the actual deprivation suffered by the inmate."
Summerford v. State, 466 So.2d 182, 184 (Ala.Cr.App. 1985).
This court in Hill v. State, 594 So.2d 246, 247-48
(Ala.Cr.App. 1992), quoting Monroe v. Thigpen, 932 F.2d 1437
(11th Cir. 1991) stated the following about Alabama's system for determining whether an inmate should be granted parole:
 " 'In Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7
[99 S.Ct. 2100, 2104, 60 L.Ed.2d 668] . . . (1979), the Supreme Court held that the Constitution does not confer a liberty interest in parole. The Court also determined, however, that states may confer such a liberty interest in parole under state law. Id. at 12 [99 S.Ct. at 2106]. . . . When a state statute, practice, or regulation provides for an expectancy of parole and limits official discretion to deny parole, then a liberty interest in parole is created. Id. Applying Greenholtz, we have previously determined that the Alabama parole statute, Ala. Code § 15-22-26 (1975), does not confer a liberty interest in parole that is protected by the Due Process Clause because the statute provides that parole may be granted at the Board's discretion. Thomas v. Sellers, 691 F.2d 487, 488-89 (11th Cir. 1982) (per curiam). Accordingly, we noted that federal courts should not interfere with the discretionary decisions of the Board "absent flagrant or unauthorized action" by the Board. Id. at 489. We have also held that the classification scheme adopted by the Alabama prison system to determine the custody status of prisoners "is not arbitrary and capricious, but reasonable and appropriate." Hendking v. Smith, 781 F.2d 850, 852 (11th Cir. 1986) (holding that regulation denying sex offenders minimum security status does not violate the Equal Protection Clause). In addition, we have stated that the classification system used by the Alabama prison system contains no inherent constitutional invalidity, but becomes constitutionally offensive only if "the regulation is administered maliciously or in bad faith." Id.; see also Francis v. Fox, 838 F.2d 1147, 1149-50 (11th Cir. 1988) (holding that Alabama statute governing the prisoner work-release program does not confer a liberty interest because it is discretionary).'
" '. . . .
 " 'We cannot agree with the defendant's argument. It is true that the Alabama parole statute is framed in discretionary terms and therefore does not confer a liberty interest in parole. Ala. Code § 15-22-26 (1975); Thomas, 691 F.2d at 489. Nevertheless, this discretion is not unlimited. A parole board may not engage in "flagrant or unauthorized action." Thomas, 691 F.2d at 489. Section 15-22-26 cannot be read as granting the Board the discretion to rely upon false information in determining whether to grant parole. Therefore, by relying on the false information in [the defendant's] file, the Board has exceeded its authority under section 15-22-26 and treated [the defendant] arbitrarily and capriciously in violation of due process. Thomas, 691 F.2d at 489.' "
 As this court stated in Andrus v. Lambert, 424 So.2d 5, 9
(Ala.Cr.App. 1982):
 "The right to a parole is a privilege granted by the people of Alabama to those committed to our penal institutions as punishment for crimes. Holley v. State, 397 So.2d 211, 216
(Ala.Crim.App.), cert. denied, 397 So.2d 217 (Ala. 1981). Obtaining an early release through parole, like obtaining a pardon, is wholly contingent upon either the grace of the detaining authority or some affirmative statutory entitlement. United States v. Chagra, 669 F.2d 241, 264 (5th Cir. 1982). While no constitutional or *Page 1264 
inherent right of a convicted person to be conditionally released prior to the expiration of a valid sentence exists, Greenholtz v. Nebraska, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668
(1979), a prisoner has the right to be properly considered for parole. Christopher v. U.S. Board of Parole, 589 F.2d 924 (7th Cir. 1978); Wallace v. Turner, 525 F. Supp. 1072 (S.D.Fla. 1981). The paroling authority must comply with constitutional requirements and may not determine parole eligibility on improper grounds. Wallace v. Turner, supra. A parole should not be denied for false, insufficient, or capricious reasons. Christopher, supra."
Although no due process guarantees apply to the granting or denying of parole, parole should not be denied for "capricious reasons." The affidavits of the members of the Board are sufficient evidence that appellant's parole was not denied for capricious reasons.
The appellant further contends that the Board denied him due process because, he says, it did not provide him with written reasons for denying his request for parole. As previously stated, because there is no liberty interest at issue when an individual is denied parole no due process rights attach to the proceeding. Andrus. Furthermore, § 15-22-36(b) states:
 "Each member of the board of pardons and paroles favoring a pardon, parole, remission of a fine or forfeiture or restoration of civil and political rights shall enter in the file his reasons in detail, which entry and the order shall be public records, but all other portions of the file shall be privileged."
(Emphasis added.) There is no statutory requirement that a Board member detail his reasons for denying parole.
The appellant also contends that he was denied due process because, he alleges, one member of the Board had previously been arrested for driving under the influence. This allegation, even if true, has nothing to do with denial of due process. We will not dignify it by addressing it.
For the foregoing reasons, the appellant's petition for a writ of certiorari was correctly denied, and that denial is due to be affirmed.
AFFIRMED.
All the Judges concur.