781 So.2d 358 (2000)
William P. TUCKER
v.
ALABAMA BOARD OF PARDONS AND PAROLES.
CR-99-0488.
Court of Criminal Appeals of Alabama.
April 28, 2000.
Opinion on Return to Remand August 25, 2000.
Rehearing Denied September 29, 2000.
Steven M. Sirmon, Montgomery, for appellant.
Gregory O. Griffin, Sr., chief counsel, Alabama Board of Pardons and Paroles, for appellee.
FRY, Judge.
On May 17, 1999, the appellant, William P. Tucker, filed a petition for a writ of certiorari in the Montgomery Circuit Court attacking the 1993 revocation of his parole by the Alabama Board of Pardons and Parole (hereinafter "the Board") and the March 22, 1999, denial by the Board of his request for parole. In an unpublished memorandum, we have today affirmed the 1993 revocation of Tucker's parole. See Tucker v. Alabama Bd. of Pardons & Paroles, (No. CR-99-0488) ___ So.2d ___ (Ala.Cr.App.2000) (table). In this opinion we address only the issue whether the circuit court erred by dismissing Tucker's petition challenging the denial of his request for parole.
Tucker was convicted of murder and of assault with intent to murder. He was sentenced to life imprisonment on the murder conviction and to eight years' imprisonment on the assault conviction. On June 2, 1980, Tucker was placed on parole. In 1992, his parole was revoked. Tucker *359 requested to be placed on parole; the Board denied his request for parole on March 22, 1999. Tucker then filed this petition for a writ of certiorari.
In his petition Tucker alleged that the Board denied his request for parole because of a false report prepared by "Mr. Moody" at Kilby Correctional Facility. (C.R.5-10.) The state did not address this claim in its response; the circuit court did not address this claim in its order dismissing the petition.
Tucker's main contention on appeal is that his parole was denied based on fraudulent information. In Tedder v. Alabama Bd. of Pardons & Paroles, 677 So.2d 1261, 1263-64 (Ala.Cr.App.1996), this Court stated:
"`The right to a parole is a privilege granted by the people of Alabama to those committed to our penal institutions as punishment for crimes. Holley v. State, 397 So.2d 211, 216 (Ala. Crim.App.), cert. denied, 397 So.2d 217 (Ala.1981). Obtaining an early release through parole, like obtaining a pardon, is wholly contingent upon either the grace of the detaining authority or some affirmative statutory entitlement. United States v. Chagra, 669 F.2d 241, 264 (5th Cir.1982). While no constitutional or inherent right of a convicted person to be conditionally released prior to the expiration of a valid sentence exists, Greenholtz v. [Inmates of] Nebraska [Penal and Correctional Complex], 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979), a prisoner has the right to be properly considered for parole. Christopher v. U.S. Board of Parole, 589 F.2d 924 (7th Cir.1978); Wallace v. Turner, 525 F.Supp. 1072 (S.D.Fla. 1981). The paroling authority must comply with constitutional requirements and may not determine parole eligibility on improper grounds. Wallace v. Turner, supra. A parole should not be denied for false, insufficient, or capricious reasons. Christopher, supra.'
"Although no due process guarantees apply to the granting or denying of parole, parole should not be denied for `capricious reasons.'"
(Emphasis added.)
Nothing in the record on appeal indicates whether the Board's denial of Tucker's request for parole was based on false, insufficient, or capricious reasons. Therefore, we remand this cause to the circuit court with directions that it address the merits of this claim and that it make specific, written findings of fact concerning this claim. On remand, the circuit court may conduct such further proceedings or take such evidence as it deems necessary. The circuit court shall take all action necessary to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include the circuit court's written order and a transcript of the remand proceedings, if any, conducted by the circuit court.
AFFIRMED BY MEMORANDUM IN PART; REMANDED WITH DIRECTIONS IN PART.
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.

On Return to Remand
FRY, Judge.
The appellant, William P. Tucker, filed a petition for a writ of certiorari in the Montgomery Circuit Court attacking the March 22, 1999, denial of his request for parole by the Alabama Board of Pardons and Paroles (hereinafter "the Board"). In his petition Tucker alleged that the Board *360 denied his request for parole based on fraudulent information contained in his file. Neither the Board, in its response, not the circuit court, in its order denying the petition addressed the merits of this claim. We remanded this cause to the circuit court with directions that it address the merits of Tucker's claim that the Board denied his request for parole based on a false report and that it make specific written findings of fact concerning this claim. Tucker v. Alabama Bd. of Pardons & Paroles, 781 So.2d 358 (Ala.Crim.App. 2000). We concluded that, although Tucker did not have a liberty interest in parole, remand of the cause was required because the record before us did not address whether Tucker's file contained false information that the Board may have considered in denying parole. See Tedder v. Alabama Bd. of Pardons & Paroles, 677 So.2d 1261, 1263 (Ala.Crim.App. 1996) (holding that prisoners do not have a liberty interest in parole, but that § 15-22-26, Ala. Code 1975,[1] "cannot be read as granting the Board the discretion to rely upon false information to determine whether to grant parole"). The circuit court has complied with our order and submitted the following order on return to remand:
"On April 28, 2000, the Alabama Court of Criminal Appeals remanded this case to this Court with directions to address the merits of [Tucker's] claim that the Alabama Board of Pardons and Paroles (Board) denied his request for parole based on a false report prepared by `Mr. Moody' at Kilby Correctional Facility. In compliance with the Alabama Court of Criminal Appeals' order, on May 5, 2000, this Court ordered the [Board] to file a Special Report regarding the issue set out above. The [Board] was given an opportunity to submit evidence supporting his position. The Court has received and reviewed the parties' responses, as well as the documents submitted by [Tucker].
"In his response, [Tucker] states that Mr. Moody is a psychologist who works for Mental Health by performing psychological assessments of prisoners. [Tucker] claims that Mr. Moody that Mr. Moody has recorded false information in his file which is, among other reasons, the reason the Board denied him parole. The Board claims that no such false information exists, but [Tucker] asserts that the Board cannot find the information used to deny his parole `...Gladys Riddle, Chairman of the Parole Board.' ([Tucker's] Answer to Special Report, p. 1). [Tucker] states that Mr. Moody told him that his (Mr. Moody's) wife has had dinner with Ms. Riddle. [Tucker] has provided no evidence to support this allegation. It appears that he is relying on intuition to prove the allegation that Mr. Moody's wife used this relationship with Ms. Riddle somehow to relay false information to the Board, and the Board in turn used this information to deny his parole.

*361 "Attached to [Tucker's] brief in his response to the [Board's] Special Report are two pink forms entitled `HealthCare Unit Patient Information Slip' dated May 22, 1998, and November 10, 1998. These two documents, along with some other documents such as disciplinary reports and written prison rules, are the only documents [Tucker] submitted as evidence with this response. These documents provide absolutely no proof of his claim. The Court notes that the two pink forms are apparently notifications provided to [Tucker] informing him of his appointments schedules with Mr. Moody. [Tucker] admits that he requested to see Mr. Moody because he was attempting to get accepted in to a half-way house and the half-way house required an updated psychological assessment. However, again [Tucker] provides no support that this Court can rely on as evidence to determine that false information was submitted to the Board via Mr. Moody and was used to deny [Tucker] parole.
`Based on the foregoing, this Court finds that there is no evidence to support [Tucker's] claim that the Alabama Board of Pardons and Parole relied on false information supplied by Mr. Moody when it denied [Tucker's] parole."
We have reviewed the matters contained in the record on return to remand, including the report filed by the Board, Tucker's answer, and the evidence submitted, Our review indicates that the circuit court has sufficiently stated its reasons for denying Tucker's claim and that those reasons are fully supported by the record. The Board clearly established int he report submitted on remand that the denial of Tucker's parole was not based on fraudulent information or capricious reasons. As this Court stated in Tedder, "although no due process guarantees apply to the granting or denying of parole, parole should not be denied for `capricious reasons.'" 677 So.2d at 1264. The Board's answer filed in the circuit court on remand addressed Tucker's claim and established that his file did not contain false information and that his parole was not denied for a capricious reason. The members of the Board are not required to detail their reasons for denying parole, see Tedder, supra, but when a denial of parole is challenged the Board needs to address the allegation and establish that parole was not denied for a capricious reason. See Tedder, supra.
The circuit court correctly denied Tucker's petition for the writ of certiorari; that denial is due to be affirmed.
AFFIRMED.
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.
NOTES
[1] Section 15-22-26, Ala.Code 1975, states:

"No prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the board of Pardons and Paroles is of the opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society. If the board shall so determine, such prisoner shall be allowed to go upon parole outside of prison walls and enclosure upon such terms and conditions as the board shall prescribe, but to remain while thus on parole in the legal custody of the warden of the prison from which he is paroled until the expiration of the maximum term specified in his sentence or until he if fully pardoned."