F I L E D

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**FEB 6 2002**

**PATRICK FISHER**
**Clerk**

BRIAN KENT HASTINGS,

      Petitioner-Appellant,

v.

JOHN SUTHERS, Warden; and
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 01-1414
(D.C. No. 01-D-544)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Petitioner-Appellant Brian Kent Hastings appeals the denial of his habeas

petition under 28 U.S.C. § 2254. On appeal, he brings the same eleven claims

that were rejected by the district court. He argues that (1) his arrest for the

offense of conviction resulted from his incarceration for a crime he did not

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

commit; (2) the charges of check fraud and theft are multiplicitous; (3) the sentencing judge never advised him of his due process rights; (4) his attorney provided him with constitutionally ineffective assistance before the trial court; (5) he was subject to malicious prosecution; (6) the Government violated his plea agreement; (7) the Government obstructed justice by failing to respond to the court's show cause order; (8) the state court lacked jurisdiction over the case because the alleged offense occurred at a federally insured bank; (9) he was subject to cruel and unusual punishment; (10) his attorney provided him with constitutionally ineffective assistance of counsel by failing to appeal certain issues; and (11) after his counsel withdrew during post-conviction proceedings because of a conflict, he should have been appointed new counsel. We agree substantially with the reasons set forth by the district court in rejecting these claims, and thus AFFIRM the denial of Petitioner's habeas petition.

Petitioner has also filed a Motion for Limited Remand, arguing that, in light of the Colorado Supreme Court's recent interpretation of certain statutory provisions governing parole for sex offenders, see Martin v. People, 27 P.3d 846 (Col. 2001) (en banc); People v. Cooper, 27 P.3d 348 (Col. 2001) (en banc), the imposition of mandatory parole against Hastings, a non-sex offender, violates his equal protection rights. Even assuming that this argument is properly before us, the equal protection argument fails because Hastings has not shown that non-sex

offenders are similarly situated to sex offenders.  The Motion for Limited Remand is accordingly DENIED.  Petitioner's application for a certificate of appealability and motion to proceed in forma pauperis are also DENIED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge