WISE, Judge.
The appellant, Tyrone Graves, appeals from the circuit court’s dismissal of his petition for a writ of certiorari, wherein he sought judicial review of the action of the Alabama Board of Pardons and Paroles (hereinafter “the Board”) denying parole on his murder conviction. The appellant is currently serving a term of 20 years’ imprisonment.
The appellant’s sole contention in his petition and on appeal is that the Board erroneously relied on false information when denying him parole. Specifically, the appellant contends that the Board relied on false information that he did not have a high school degree; that he had not participated in any prison programs; and that he had gotten into trouble while in prison.
In Tedder v. Alabama Board of Pardons & Paroles, 677 So.2d 1261, 1263-64 (Ala.Crim.App.1996), this Court stated:
“ ‘The right to a parole is a privilege granted by the people of Alabama to those committed to our penal institutions as punishment for crimes. Holley v. State, 397 So.2d 211, 216 (Ala.Crim.App.), cert. denied, 397 So.2d 217 (Ala.1981). Obtaining an early release through parole, like obtaining a pardon, is wholly contingent upon either the grace of the detaining authority or some *2 affirmative statutory entitlement. United States v. Chagra, 669 F.2d 241, 264 (5th Cir.1982). While no constitutional or inherent right of a convicted person to be conditionally released prior to the expiration of a valid sentence exists, Greenholtz v. [Inmates of] Nebraska [Penal and Correctional Complex], 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979), a prisoner has the right to be properly considered for parole. Christopher v. U.S. Board of Parole, 589 F.2d 924 (7th Cir.1978); Wallace v. Turner, 525 F.Supp. 1072 (S.D.Fla.1981). The paroling authority must comply with constitutional requirements and may not determine parole eligibility on improper grounds. Wallace v. Turner, supra. A parole should not be denied for false, insufficient, or capricious reasons.’ ”
(Emphasis added.)
After reviewing the record on appeal, we are unable to determine whether the Board’s denial of the appellant’s request for parole was based on false or insufficient information or for capricious reasons. We acknowledge that there are no constitutional or statutory provisions requiring the Board to detail its reasons for denying parole. See Tedder, 677 So.2d at 1264. We note, however, that in Tedder, we upheld the Board’s decision based, in part, on the inclusion in the record of affidavits by members of the Board that refuted the petitioner’s claim that the Board’s decision was based on false or insufficient information, or capricious reasons.
Therefore, we must remand this cause to the circuit court with directions that it take all necessary actions to address the merits of this claim and that it make specific written findings of fact concerning the appellant’s claim. See Tucker v. Alabama Board of Pardons & Paroles, 781 So.2d 358, 360 (Ala.Crim.App.2000)(case remanded to circuit court where record did not address whether appellant’s file contained false information that the Board may have considered when denying parole).
The circuit court is directed to take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time within 42 days from the release of this opinion. The return to remand should include a transcript of the remand proceedings, if any, and a copy of the circuit court’s written order.
This cause is remanded to the circuit court for proceedings consistent with this opinion.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J„ and COBB, BASCHAB, and SHAW, JJ„ concur.