[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 2, 2007
THOMAS K. KAHN
CLERK

No. 06-16650
Non-Argument Calendar

_____

D. C. Docket No. 06-00081-CV-2

RICHARD WAYNE BIESTER,
for all present and former inmates
similarly situated,
REY DAVID VARGAS,

Petitioners-Appellants,

versus

WARDEN JAMES LANIER,
Wayne State Prison,
MILTON NIX, JR.
Chairman, State Board of Pardons and Paroles,
JAMES E. DONALD,
Commissioner, Georgia Dept. of Corrections,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(October 2, 2007)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Rey David Vargas, a Georgia prisoner, and Richard Wayne Biester, a recently released Georgia prisoner, appeal pro se the dismissal of their petition for writ of habeas corpus, 28 U.S.C. § 2241. We issued a certificate of appealability (COA) on the issue of whether the district court erred in dismissing Vargas's and Biester's due process and equal protection claims on the basis that they were not cognizable under § 2241. The due process and equal protection claims were based on the denials of parole, pre-release placement in transitional centers, and work incentive credits, due to the appellants' status as sex offenders. Vargas additionally argues that he was actually granted parole in 1993 and that his parole was revoked without due process.

Although our review is limited to the issues specified in the COA, we read the COA to include procedural issues which must be resolved before reaching the merits of the issues on appeal. McCoy v. United States, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001). Because the record indicates that Biester has been released from custody, we first address whether his claims are moot.

"[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Soliman v. U.S. ex rel. INS, 296

F.3d 1237, 1242 (11th Cir. 2002). A case that is moot must be dismissed because mootness is jurisdictional. Id. Here, we can no longer give Biester meaningful relief as to his claims regarding parole, transitional housing, or work incentive credits. Accordingly, we dismiss Biester's due process and equal protection claims as moot.

As to Vargas, we affirm the district court's dismissal of his due process claims because Vargas did not have a liberty interest in parole, transitional centers, or work incentive credits. See Thomas v. Sellers, 691 F.2d 487, 489 (11th Cir. 1982); Sultenfuss v. Snow, 35 F.3d 1494, 1502 (11th Cir. 1994); McKune v. Lile, 536 U.S. 24, 38-39, 122 S.Ct. 2017, 2027, 153 L.Ed.2d 47 (2002); Wolff v. McDonnell, 418 U.S. 539, 556-57, 94 S.Ct. 2963, 2974-75, 41 L.Ed.2d 935 (1974). Accordingly, his due process claims are not cognizable under 28 U.S.C. § 2241.

We also affirm the district court's dismissal of his equal protection claims. Construing his brief liberally, Vargas argues that he was similarly situated to other inmates who received parole, placement in transitional centers, and work incentive credits, but that he was discriminated against because of his sex offender status. Vargas cannot establish equal protection violations based on his status as a sex offender, however, because he has not shown that sex offenders are similarly situated to non-sex offenders. See Jones, 279 F.3d at 946-47. Therefore, although

3

his equal protection claims may be nominally cognizable under § 2241, he has not stated claims upon which relief may be granted. Accordingly, the district court did not err in dismissing Vargas's equal protection claims.

**DISMISSED IN PART; AFFIRMED IN PART.**