[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13659
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:10-cv-00281-GRJ


MICHAEL W. HARRELL,

                                                            Plaintiff-Appellant,

                                    versus

FLORIDA PAROLE COMMISSION,

                                                            Defendant,

CHAIRMAN, FLORIDA PAROLE COMMISSION,
VICE CHAIRMAN, FLORIDA PAROLE COMMISSION,
COMMISSIONER, FLORIDA PAROLE COMMISSION,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 21, 2012)

Before DUBINA, Chief Judge, EDMONDSON and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Michael W. Harrell, a Florida state prisoner proceeding *pro se*, appeals the district court's dismissal for failure to state a claim of his 42 U.S.C. § 1983 civil rights complaint against the Florida Parole Commission ("Commission") and its members for violations of his rights to due process, equal protection, and protection against *ex post facto* laws. On appeal, Harrell argues that the district court erred in dismissing his complaint because he alleged facts sufficient to support his claims that the Commission (1) acted arbitrarily and capriciously in determining his presumptive parole release date ("PPRD") in violation of his due process rights, (2) categorically denied parole to prisoners with mandatory minimum sentences in violation of his rights to equal protection, and (3) retroactively increased his punishment by denying him the possibility of parole.

We review *de novo* the dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). We accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Id.* To survive a motion to

dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (addressing a *pro se* motion to vacate under 28 U.S.C. § 2255).

An individual may bring a private cause of action under 42 U.S.C. § 1983 against any person who, acting under color of state law, abridges rights created by the Constitution and laws of the United States. *Maine v. Thiboutot*, 448 U.S. 1, 4–5, 100 S. Ct. 2502, 2504–05, 65 L. Ed. 2d 555 (1980). A claim challenging parole procedures may be brought under § 1983 if success on that claim would not automatically reduce the defendant's terms of imprisonment. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82, 125 S. Ct. 1242, 1248, 161 L. Ed. 2d 253 (2005). Claims that would entitle a prisoner to a new parole eligibility review or parole hearing are

3

cognizable under § 1983. *See id.*

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Generally, due process is violated when the state deprives a person of a protected liberty interest through a constitutionally inadequate process. *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006). There is no federal constitutional right to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2104, 60 L. Ed. 2d 668 (1979). However, a state may establish a protected liberty interest in parole by creating a legitimate expectation of parole. *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001) (per curiam). Florida's parole statutes do not create a liberty interest because the Florida Parole Commission retains discretion over whether to grant or deny parole. *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 931–32 (11th Cir. 1986) (per curiam). Nonetheless, even without a protected liberty interest, a due process claim may be available if the Commission engaged in "flagrant or unauthorized action" or treated a prisoner "arbitrarily and capriciously" in making a parole determination, such as by knowingly or admittedly relying on false information. *Monroe v. Thigpen*, 932 F.2d 1437, 1441–42 (11th Cir. 1991); *Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982)

4

(per curiam).

However, the Commission need not specify the particular evidence on which it relied in making a parole determination. *Greenholtz,* 442 U.S. at 15, 99 S. Ct. at 2108; *see also Slocum v. Ga. State Bd. of Pardons & Paroles*, 678 F.2d 940, 942 (11th Cir. 1982) (holding that there is no due process right to inspect a parole file). Moreover, prisoners do not state a due process claim by simply asserting that erroneous information might have been used during their parole consideration. *See Slocum*, 678 F.2d at 941 n.1, 942 (affirming dismissal of plaintiff's due process claim that the parole board considered erroneous information in denying him parole).

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. A prisoner asserting an equal protection claim must demonstrate that "(1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones*, 279 F.3d at 946–47 (internal quotation marks omitted).

The U.S. Constitution prohibits states from enacting *ex post facto* laws that retroactively increase the penalty for a crime after it has been committed. U.S.

Const. art. I, § 10, cl. 1; *Garner v. Jones*, 529 U.S. 244, 249–50, 120 S. Ct. 1362, 1367, 146 L. Ed. 2d 236 (2000); *see also United States v. De La Mata*, 266 F.3d 1275, 1286 (11th Cir. 2001) (stating that "[t]he *ex post facto* clause prohibits the enactment of statutes which . . . make more burdensome the punishment for a crime").

Based on our review of the record, we conclude that Harrell has failed to allege facts sufficient to state facially plausible claims for relief. *See Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949. Harrell's due process claim was properly dismissed because the decision whether to grant or deny parole is within the Commission's discretion, and Harrell did not plausibly allege that the Commission acted arbitrarily and capriciously in denying him parole. As to his equal protection claim, Harrell neither alleged that he was treated differently than similarly situated comparators nor that the alleged differential treatment was based on a constitutionally protected interest. Finally, Harrell's *ex post facto* claim was properly dismissed because parole is a discretionary decision of the Commission and Harrell's punishment, two consecutive life terms of imprisonment, was not increased by the denial of parole. Accordingly, we affirm the district court's judgment of dismissal.

**AFFIRMED.**[1]

---

[1]Harrell's motion requesting reconsideration of his previous request for record assistance is **DENIED.**