MOORE, Chief Justice
(concurring specially).
Because the rules under which the Alabama Department of Corrections (“ADOC”) operates its work-release program are not inconsistent with the statute that authorizes that program, I concur in denying William Keith Robey’s petition for a writ of certiorari.
In 1997, while he was driving under the influence of alcohol, “Robey’s vehicle swerved across the dividing line of the road and into the lane of oncoming traffic.” Ex parte Robey, 920 So.2d 1069, 1070 (Ala.2004). Robey was convicted of reckless murder and reckless assault for causing the death of his girlfriend and injuring another motorist in the ensuing accident. In 2013 he petitioned the Montgomery Circuit Court for a writ of certiorari to order ADOC to consider him for the work-release program. The circuit court denied the petition; the Court of Criminal Appeals affirmed, by an unpublished memorandum. Robey v. Alabama Dep’t of Corr. (No. CR-12-1967, Feb. 7, 2014), — So.3d —(Ala.Crim.App.2014) (table).
Before the circuit court and on appeal, Robey raises a question of law whether an administrative rule in the ADOC Classification Manual (“the manual”) conflicts with the statute that authorizes the promulgation of such rules. Questions of law are reviewed de novo. Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala.2004).
“The provisions of a statute will prevail in any case of a conflict between a statute and an agency regulation.” Ex parte Jones Mfg. Co., 589 So.2d 208, 210 (Ala.1991). Robey argues that an ADOC rule is in conflict with § 14-8-2(a), Ala.Code 1975, which provides as follows:
“The [Department of Corrections] is authorized to adopt regulations and policies permitting the commissioner [of Corrections] to extend the limits of the place of confinement of an inmate, as to whom there is reasonable cause to believe he will know his trust, by authoriz *222 ing him, under prescribed conditions, to leave the confines of that place unaccompanied by a custodial agent for a prescribed period of time to work at paid employment.... Inmates shall participate in paid employment at the discretion of the [Department of Corrections].”
The ADOC rule at issue bars certain inmates from being considered for work release, which is known as the “minimum-community custody level” of confinement. Among those barred are inmates convicted in “[h]omicide cases, past or present. Inmates convicted of vehicular homicide, manslaughter involving DUI or otherwise, are not barred. However, if the nomenclature of the conviction is ‘murder’, they are ineligible” for the work-release program. § 5.4.6.1 of the manual.
Robey claims that the manual is fatally inconsistent with the statute that authorizes its promulgation. “ ‘A regulation ... which operates to create a rule out of harmony with the statute[ ] is a mere nullity.’ ” State v. Maddox Tractor & Equip. Co., 260 Ala. 136, 141, 69 So.2d 426, 430 (1953) (quoting Manhattan Gen. Equip. Co. v. Commissioner of Internal Revenue, 297 U.S. 129, 134, 56 S.Ct. 397, 80 L.Ed. 528 (1936)). As authority for the proposition that the rule in the manual is inconsistent with the statute, Robey cites Hill v. State, 594 So.2d 246 (Ala.Crim.App.1992), which cites, in turn, Hendking v. Smith, 781 F.2d 850 (11th Cir.1986).
Hill held that “the classification scheme adopted by the Alabama prison system to determine the custody status of prisoners ‘is not arbitrary and capricious, but reasonable and appropriate.’” 594 So.2d at 248 (quoting Hendking, 781 F.2d at 852). Hendking found reasonable under the Equal Protection Clause an inmate-classification scheme that permitted murderers to qualify for minimum-community status but that excluded sex offenders. 781 F.2d at 851-52.
Robey argues that the holding in Hendking that a classification permitting murderers to qualify for minimum custody is reasonable is inconsistent with the current rule that murderers may not qualify for minimum-community status. The Hendking court reasoned that prison officials could reasonably find that sex offenders have an antisocial propensity that could express itself at any time in the community, whereas, apart from professional killers, “few people commit more than one murder in a lifetime.” 781 F.2d at 852. Thus, allowing murderers to work in the community while prohibiting sex offenders from doing so was “reasonable and appropriate.” Id.
Hendking did not hold, however, that prison officials are required to allow murderers to be eligible for minimum-community status. Currently in Alabama both murderers and sex offenders are ineligible for the work-release program. ADOC’s grading of work-release classifications by the seriousness of the inmate’s offense is not inherently “arbitrary and capricious.” The inclusion of murderers at one time in minimum-community status and their current exclusion does not violate the Equal Protection Clause; that decision simply falls within the discretion granted to ADOC “to extend the limits of the place of confinement of an inmate.”
Further, Robey does not raise an equal-protection challenge as was raised in Hendking. He argues instead that the rule in the manual is inconsistent with the statute. The rule, however, that excludes prisoners convicted of murder from eligibility for the work-release program falls within the discretion permitted ADOC by the statute, regardless of whether at an earlier time such offenders might have *223 been considered eligible for the work-release program.[1]
Because the work-release classification Robey challenges is not out of harmony or in conflict with § 14-8-2(a), the authorizing statute, I concur in denying his petition for a writ of certiorari.

. Robey may apply to the ADOC Commissioner for an exception to the classification that prohibits him from participating in the work-release program. The commissioner "has full over-ride authority of any criteria in this manual that is not otherwise directed by law.” Manual, § 2.1.