20-3557-pr
*Petitpas v. Martin et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty-one.

PRESENT:   José A. Cabranes,
           Barrington D. Parker,
           Eunice C. Lee,
                     *Circuit Judges.*

_____

Chad Petitpas,

                  *Plaintiff-Appellant,*                    20-3557-pr

            v.

Robert Martin, Warden, Scott S. Semple, Commissioner, David Maiga, Director, Thomas Hunter, Classification, Tugie, Counselor Supervisor,

                  *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**        Michael Boyle, Law Offices of Michael
                                    Boyle, North Haven, CT.

**FOR DEFENDANTS-APPELLEES:**       Janelle R. Medeiros, Assistant
                                    Attorney General, William Tong, Attorney
                                    General, Clare Kindall, Solicitor General,
                                    Hartford, CT.

Appeal from an order and judgment of the United States District Court for the District of Connecticut (Jeffrey A. Meyer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby are **AFFIRMED.**

Plaintiff Chad Petitpas ("Petitpas") appeals from an order of the United States District Court for the District of Connecticut, granting summary judgment to Connecticut Department of Corrections ("DOC") officials (together, "Defendants").

At the time of the filing of this lawsuit, Petitpas was an inmate at the Brooklyn Correctional Institution serving a 19-year sentence for first-degree sexual assault. When inmates are admitted to DOC custody, they are given various classification scores based on their "risk" and "needs." Particularly relevant to this appeal, an inmate with a "need" for "sex treatment" will be given a "sex treatment need score" ("STNS") from 1 to 5, with 5 being the highest need. Based on these scores, inmates are then given an "overall risk level," which is initially set at the highest level assigned for any one of their risk factors. Inmates are periodically subject to "reclassification" reviews, during which their "risks," "needs," and "overall risk level" scores can be adjusted. A reduction in overall risk level can benefit inmates by enabling them to be housed in lower security-level prisons, with access to various transitional programs and other benefits only available in those facilities.

An inmate with an STNS of 2 or higher cannot receive an overall risk level reduction from 3 to 2 without the approval of the DOC Commissioner, which, in practice, relies on the inmate receiving a "favorable recommendation" from his warden. *See* Record on Appeal (ROA) Doc. No. 98-4 at 74-78, "Administrative Directive" 9.2 §§ 8(C), 10(B)(2). Petitpas has an STNS of 3 and an overall risk level of 3. He applied to his warden for a recommendation for a reduction to risk level 2 and was denied "due to the nature of [his] instant offense." ROA Doc. No. 110-2 at 4. Petitpas alleged that a favorable recommendation is never given to inmates with an STNS of 2 or higher as a matter of course, and the record reflects that between 2013 and 2018, no DOC warden has granted a sex offender such a recommendation. *See* ROA Doc. 106-1 at 5-6. Petitpas alleged that this policy discriminates against inmates with an STNS of 2 or greater without a rational basis, framing his challenge as a "class of one" claim under the Equal Protection Clause.[1] Defendants filed a motion for summary judgment, which the District Court granted, finding that there was a rational basis for

---

[1] *See* Pl. Reply Br. 7 ("Given that the Second Circuit has repeatedly rejected arguments that sex offenders or other inmates grouped by offense type are a suspect classification, *see, inter alia*, cases cited in Def.'s Brief at 27, n 11, Mr. Petitpas is pursuing his case as a 'class of one' claim.").

the challenged policy. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

"We review *de novo* [an] award of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences and resolving all ambiguities in its favor." *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018) (internal quotation marks and alterations omitted).

### I.

The Supreme Court has recognized that the Equal Protection Clause can "give[] rise to a cause of action on behalf of a 'class of one' where the plaintiff [does] not allege membership in a class or group." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To succeed under such a theory, a plaintiff must show that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*

To make out a "class of one" claim, "the level of similarity between plaintiffs and the persons with whom they compare themselves must be extremely high. More precisely, a plaintiff must establish that he and a comparator are *prima facie* identical." *Hu v. City of New York*, 927 F.3d 81, 92 (2d Cir. 2019) (internal quotation marks and citation omitted).

Petitpas fails to make this threshold demonstration, and we affirm the District Court's judgment on this alternative ground. Petitpas's initial brief in this appeal comes closest to identifying potential comparators when he argues that "[w]hile other inmates, even those serving sentences for the most serious and violent crimes, have the opportunity through good conduct and rehabilitation to progress to Level 2[,] . . . inmates serving sentences for sex offenses or those with an STNS level of 2 o[r] above cannot." Pl. Br. 15-16. In his reply brief, Petitpas also refers to data in the record on several inmates "whose overall security levels were reduced to level two" who he argues "show[] a striking similarity in risk factor scores" to his own. Pl. Reply Br. 3-5. But none of these proffered comparators—whether described generally as "other inmates" or individually as specific inmates who have received risk level reductions—are sex offenders, which is a basic difference motivating their disparate treatment. *See Biester v. Lanier*, 249 F. App'x 782, 783 (11th Cir. 2007) (sex offenders are not "similarly situated" to non-sex offenders); *Hastings v. Suthers*, 26 F. App'x 885, 885-86 (10th Cir. 2002) (same); *Krull v. Oey*, No. 9 Civ. 0142, 2019 WL 2590739, at *9 (N.D.N.Y. June 24, 2019) ("[S]ex offenders and non-sex offenders are, by definition" not similarly situated) *vacated in part on other grounds*, 805 F. App'x 73 (2d Cir. 2020); *see also Kasseim v. Paterson*, No. 10 Civ. 2627, 2011 WL 723612, at *2 (S.D.N.Y. Feb. 18, 2011) ("[T]here is a fatal flaw in [plaintiff's] argument—felons who commit different crimes are not similarly situated.").

In sum, then, Petitpas challenges a policy which treats inmates with an SNTS of 2 or greater differently than those without an SNTS of 2 or greater. But he does not demonstrate that these two

groups are similarly situated or, for the purpose of his "class of one" challenge, that he is similarly situated to anyone in the latter group. This undermines his Equal Protection claim.

## II.

Even if we were to assume that Petitpas *was* similarly situated to certain inmates with an STNS less than 2 for the purposes of an Equal Protection claim, we would still conclude, as the District Court did, that a rational basis exists for his disparate treatment.

Neither inmates nor sexual offenders are a suspect class, *Lee v. Governor of New York*, 87 F.3d 55, 60 (2d Cir. 1996) ("[P]risoners either in the aggregate or specified by offense are not a suspect class"), and therefore "a statutory classification" applied to them "must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993); *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 137 (2d Cir. 2013). *See Doe v. Cuomo*, 755 F.3d 105, 113 (2d Cir. 2014) ("[B]ecause it is not constitutionally suspect to distinguish between people who have been convicted of sex offenses and people who have not, such line-drawing is reviewed deferentially under rational basis scrutiny."). A plaintiff challenging such a classification therefore has the burden to "negative every conceivable basis which might support it." *Sensational Smiles, LLC v. Mullen*, 793 F.3d 281, 284 (2d Cir. 2015) (quoting *Heller v. Doe*, 509 U.S. 312, 320 (1993)).

Defendants argue that sex offenders have both a higher recidivism rate and are at greater risk for victimization by fellow inmates in lower security facilities than non-sex offenders. Defs. Br. 33-35. Petitpas challenges these claims, Pl. Br. 16-19, but, as was the case before the District Court, he "has not shown that there is no rationally conceivable reason for the DOC to treat him less favorably . . . than violent offenders who have not been convicted of a sex offense." App'x 14. As we have previously noted, "[p]risoners who have committed sex offenses can rationally be deemed more dangerous to society and, hence, less eligible for early release programs." *Green v. Armstrong*, 189 F.3d 460 (2d Cir. 1999) (summary order).

In sum, Petitpas simply does not meet the burden that would be required for him to prevail on rational basis review of the challenged policy.

## CONCLUSION

We have reviewed all of the arguments raised by Petitpas on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 11, 2020 order and judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court