The Montgomery Circuit Court consolidated four cases[1]
for the purpose of determining how Alabama officials, including *Page 1225 
the director of finance (currently Henry C. Mabry III), were to comply with and implement the decision of this court in May v.State, 672 So.2d 1307 (Ala.Crim.App. 1993). In May v. State, this court held that expenses for office overhead of attorneys representing indigent criminal defendants are encompassed within the phrase "expenses reasonably incurred." § 15-12-21(d), Ala. Code 1975. This court further held in May that payment of office-overhead expenses must be approved in advance. Several attorneys representing indigent defendants, after being denied payment for overhead expenses, filed a declaratory judgment against the State officers, asking the court to determine who was responsible for payment of these expenses. The cases were consolidated. After considering the testimony, the stipulations, and the briefs, the circuit court directed State officials to approve all indigent defendant attorney fee declarations that included court orders approving overhead expenses, if the orders were filed prior to or contemporaneously with the fee declarations. The appellants appealed the circuit court's order, and the appellees cross-appealed.
It is the duty of an appellate court to examine whether it has subject matter jurisdiction of a case, and it can do so ex mero motu. Ex parte Smith, 438 So.2d 766 (Ala. 1983). Section6-6-223, Ala. Code 1975, provides, in pertinent part, that "[a]ny person . . . whose rights . . . are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder." Because the appellants sought a declaration of their right to reimbursement for certain expenses, the present proceeding is a civil, rather than a criminal, action.
Alabama Constitution of 1901, Amend. No. 328, § 6.03, establishes the jurisdiction for this State's courts of appeals. That section states that the appeals courts have no original jurisdiction other than the power to issue writs in aid of their appellate jurisdiction. Section 12-3-9, Ala. Code 1975, provides that the Court of Criminal Appeals is to have "exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post conviction writs in criminal cases." Section 12-3-10, Ala. Code 1975, states that the Court of Civil Appeals is to have "exclusive appellate jurisdiction of all civil cases where the amount involved . . . does not exceed $50,000 . . . and all extraordinary writs arising from appeals in said cases." Because the present appeal concerns reimbursement of overhead expenses, jurisdiction is proper in the Court of Civil Appeals.
In Ex parte Galanos, [Ms. 1971499, March 17, 2000] ___ So.2d ___ (Ala. 2000), the appellants sought a writ of mandamus vacating this court's judgment in Ex parte Bush, [Ms. CR-97-1094, May 14, 1998] ___ So.2d ___ (Ala.Cr.App. 1998), which challenged the Mobile Circuit Court's method of reviewing attorney-fee declarations in criminal indigent-defense cases, § 15-12-21, Ala. Code 1975. The Alabama Supreme Court issued the writ, holding that the "lack of another adequate remedy" prerequisite had not been met because the appellants should have brought their action under the Declaratory Judgment Act, § 6-6-220, et seq., Ala. Code 1975. The Court also noted that the "properly invoked jurisdiction' required for mandamus relief was not present because jurisdiction was not proper in the Court of Criminal Appeals.
Following this reasoning, this appeal is due to be, and it is hereby, transferred to the Court of Civil Appeals. *Page 1226 
APPEAL TRANSFERRED TO COURT OF CIVIL APPEALS.
Long, P.J., and Cobb, Baschab, and Fry, JJ., concur.
[1] John D. Norris and Jay Lewis v. Jimmy H. Baker et al.;Michael Crespi v. the Hon. Bob Childree; Robert L. Turner v.Robert L. Childree et al.; and Paul D. Brown v. Dr. Phillip W.Williams et al.