The appellants, William Thompson, Sr., William L. O'Neal, and Eddie Lee Tucker, inmates serving prison sentences in the Alabama prison system, filed in the Montgomery Circuit Court a petition on behalf of themselves and all others similarly situated, styled as a petition for a writ of certiorari. The petition named as respondents Don Siegelman, Governor of Alabama; Michael W. Haley, Commissioner of Prisons; and William C. Young, Director of the Alabama Board of Pardons and Paroles.
The petitioners alleged that Ala. Code 1975, § 15-22-26, a provision in the chapter *Page 447 
of the Alabama Code dealing with pardons, paroles, and probation that prescribes standards for release of prisoners on parole by the Alabama Board of Pardons and Paroles (hereinafter "the Board"), is unconstitutionally vague on its face and as it is administered by the Board. The petitioners challenged the standards by which the Board grants or denies parole on the ground that those standards are so arbitrary as to violate the requirements of due process. They petitioned the circuit court to declare § 15-22-26 unconstitutional because, they said, its provisions are incapable of being applied rationally, fairly, consistently, and non-arbitrarily. They also asked the circuit court to declare that the manner in which the Board implements those standards to determine whether to grant or deny parole unfairly discriminates among prisoners, and the resulting decisions are irrational, unfair, inconsistent, and arbitrary from case to case.
The respondents answered, denying the allegations of the petition, claiming that the allegations were frivolous, and moving for a dismissal of the petition. The circuit court treated the answer and motion to dismiss as a motion for a summary judgment and entered a judgment for the respondents, stating that there was no genuine issue of any material fact and that the respondents were entitled to a judgment as a matter of law. The petitioners appealed, contending that the circuit court's judgment was erroneously based upon matters not raised in their petition, and asking us to reverse the judgment of the court below and remand the case with instructions that the circuit court hear their petition on the merits and address the issues raised.
We conclude, after reviewing these proceedings, that we do not have jurisdiction to hear this appeal. While the petition is styled as one seeking a writ of certiorari, it is in fact a petition seeking a declaratory judgment, which is authorized by the Declaratory Judgment Act (§ 6-6-220 et seq.) A declaratory judgment action is a civil action, and after litigation in the circuit court, a judgment in such an action is appealable to either the Alabama Court of Civil Appeals or the Alabama Supreme Court, depending upon the monetary amount, if any, involved. Ex parte Galanos [Ms. 1971499, March 17, 2000] ___ So.2d ___ (Ala. 2000); Mabry v. Norris, [Ms. CR-97-1396, June 30, 2000] ___ So.2d ___ (Ala.Crim.App. 2000).[1] This case should have been appealed to the Court of Civil Appeals. Mabry, supra. In this case, no monetary amount is claimed; therefore, proper jurisdiction lies with that court rather than the Alabama Supreme Court.
Thus, this case is due to be, and it is hereby, transferred to the Court of Civil Appeals.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
APPEAL TRANSFERRED.
McMillan, P.J., and Cobb, Baschab, Shaw, and Wise, JJ., concur.
[1] Mabry v. Norris was subsequently transferred from the Court of Civil Appeals to the Alabama Supreme Court because the trial court's judgment required disbursements that, taken together, exceeded the monetary limit of the appellate jurisdiction of the Court of Civil Appeals. Ala. Code 1975, §§ 12-1-4, 12-3-10. *Page 448