806 So.2d 374 (2001)
Willie THOMPSON, Sr., et al.
v.
BOARD OF PARDONS AND PAROLES et al.
1001114.
Supreme Court of Alabama.
June 15, 2001.
*375 Willie Thompson, Sr., pro se.
Gregory O. Griffin, Sr., chief counsel; and Steve M. Sirmon and Hugh Davis, asst. attys. gen., Alabama Board of Pardons and Paroles.
PER CURIAM.
This appeal challenges the constitutionality of § 15-22-26, Ala.Code 1975, as being vague on its face or as applied by the Board of Pardons and Paroles. This appeal was originally taken to the Court of Criminal Appeals. That Court concluded that it did not have jurisdiction to hear this appeal because, it said, the action was a declaratory-judgment action and, as such, was appealable to the Court of Civil Appeals. Pursuant to § 12-1-4, Ala.Code 1975, the Court of Criminal Appeals transferred the case to the Court of Civil Appeals. Thompson v. Alabama State Bd. of Pardons & Paroles, 794 So.2d 446 (Ala. Crim.App.2001). See Ex parte Smith, 438 So.2d 766, 768 (Ala.1983)("[I]t is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.").
The Court of Civil Appeals recognized that it did not have jurisdiction over the case, because it concerned a matter not expressly assigned to that court by § 12-3-10, Ala.Code 1975; it transferred this appeal to this Court, pursuant to § 12-1-4, Ala.Code 1975. Ex parte R.B.Z., 725 So.2d 257, 260 (Ala.1997)("The Court of Civil Appeals does not have jurisdiction over an appeal outside the scope of § 12-3-10 unless and until this Court transfers deflectsthat appeal to it."). Because the Court of Civil Appeals does not have exclusive appellate jurisdiction of this matter, jurisdiction rests in this Court.
Thompson contends that § 15-22-26 is unconstitutionally vague on its face or as it is administered by the Board of Pardons and Paroles. "A statute that does not concern First Amendment freedoms or the definition of criminal conduct may be declared unconstitutionally vague `only if a person of ordinary intelligence, exercising common sense, can derive no rule or standard at all from the statute's language.' Friday v. Ethanol Corp., 539 So.2d 208, 213 (Ala.1988)." State v. Blake, 642 So.2d 959, 962 (Ala.1994). Section 15-22-26 is a typical parole statute that gives the parole board total discretion in the granting of paroles. Tedder v. Alabama Bd. of Pardons & Paroles, 677 So.2d 1261, 1263 (Ala.Crim.App.), cert. denied, 518 U.S. 1008, 116 S.Ct. 2531, 135 L.Ed.2d 1054 (1996); see also Thomas v. Sellers, 691 F.2d 487, 488-89 (11th Cir.1982). Because the statute provides that parole may be granted at the board's discretion, it does not confer a liberty interest in parole that is protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. E.g., Tedder, 677 So.2d at 1263. The discretion granted to the parole board by § 15-22-26 does not, however, make the statute vague; rather, it gives the board the authority to consider each parole application individually.
Section 15-22-26, Ala.Code 1975, is not unconstitutionally vague on its face or as it is administered by the board; Thompson's contentions are meritless.
The judgment of the circuit court is affirmed.
AFFIRMED.
*376 MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., concurs in part and concurs in the result in part.
JOHNSTONE, Justice (concurring in part and concurring in the result in part).
I concur in the analysis of the jurisdictional issue, and I concur in the result of the analysis of the challenge to § 15-22-26, Ala.Code 1975.