Darryl Burns appeals the circuit court's denial of what he styled as a petition for a writ of mandamus.
Burns filed his petition on February 10, 2004. In his petition, Burns alleged that he had been sentenced to life imprisonment without the possibility of parole under the Habitual Felony Offender Act ("the HFOA"); that he was a nonviolent offender with no prior Class A felony convictions; and that, therefore, pursuant to § 13A-5-9.1, Ala. Code 1975, making retroactive an amendment to the HFOA effective May 25, 2000, he was entitled to have *Page 1047 
his sentence reconsidered. Burns requested that the circuit court order the Department of Corrections ("the DOC") to comply with §13A-5-9.1 by evaluating his conduct while in prison and submitting that evaluation to the circuit court so that he could have his sentence reconsidered. After receiving a response from the DOC and conducting an evidentiary hearing, the circuit court denied the petition on May 4, 2004.
In Kirby v. State, 899 So.2d 968 (Ala. 2004), the Alabama Supreme Court held that a motion filed pursuant to § 13A-5-9.1
("a § 13A-5-9.1 motion") is the proper avenue for seeking reconsideration of a sentence under the 2000 amendment to the HFOA. The Court specifically stated that "[s]ection 13A-5-9.1
contemplates the availability of the circuit court to hear a motion seeking the implementation of that statute, and the Legislature has the power to vest the circuit courts with jurisdiction under these circumstances." Kirby,899 So.2d at 971. The Court further held that "[w]hile the information available to the court in the DOC's evaluation will be helpful in making its determination, we conclude that the administration of § 13A-5-9 requires that if the DOC does not provide the evaluation in a timely fashion, the State will have waived any input as to the inmate's conduct while incarcerated that the sentencing judge or the presiding judge might otherwise have considered in determining whether the inmate is a nonviolent offender." 899 So.2d at 974-75. The Court's holding in Kirby
implicitly overruled this Court's holding in Robinson v. State,837 So.2d 882 (Ala.Crim.App. 2002) (Shaw, J., concurring in the result), that Rule 32, Ala.R.Crim.P., is the proper avenue for seeking implementation of § 13A-5-9.1, and that the evaluation contemplated by § 13A-5-9.1 is a prerequisite to reconsideration of a sentence.
In this case, Burns's petition was styled as a petition for a writ of mandamus; however, in substance, his petition requests reconsideration of his sentence pursuant to § 13A-5-9.1.
 "[T]he mere mislabeling of a motion is not fatal. King Mines Resort, Inc. v. Malachi Mining Minerals, Inc., 518 So.2d 714, 718 (Ala. 1987). This Court has stated that it is `committed to the proposition that it will treat a motion (or other pleading) and its assigned grounds according to its substance.' King Mines Resort, 518 So.2d at 718; see also Lockhart v. Phenix City Inv. Co., 488 So.2d 1353 (Ala. 1986), and Sexton v. Prisock, 495 So.2d 581 (Ala. 1986). Further, the Court has held that `[t]he substance of a motion and not its style determines what kind of motion it is.' Evans v. Waddell, 689 So.2d 23, 26 (Ala. 1997)."
Ex parte Deramus, 882 So.2d 875, 876 (Ala. 2002). Thus, we treat Burns's petition according to its substance, not its style — we treat it as a § 13A-5-9.1 motion.
Section 13A-5-9.1 specifically provides for the reconsideration of a sentence "by the sentencing judge or presiding judge." As the Supreme Court held in Kirby, "[s]ection 13A-5-9.1 is an act of statewide application that confers jurisdiction upon the sentencing judge or the presiding judge to apply the 2000 amendment to the HFOA retroactively." 899 So.2d at 972. Although normally a trial court loses jurisdiction to modify a sentence more than 30 days after sentencing, by enacting § 13A-5-9.1, "the Legislature vested jurisdiction in the sentencing judge or thepresiding judge to reopen a case more than 30 days after a defendant has been sentenced." Kirby, 899 So.2d at 971
(emphasis added). Thus, a § 13A-5-9.1 motion must be filed in the court of original conviction, and only the sentencing judge or the presiding judge of that circuit has jurisdiction *Page 1048 
to review the motion. Because only the sentencing judge or the presiding judge of the circuit in which the inmate was convicted and sentenced has jurisdiction to reconsider a sentence under §13A-5-9.1, a § 13A-5-9.1 motion filed in the wrong circuit court should be transferred to the court of original conviction for appropriate disposition. See, e.g., Floyd v. State,823 So.2d 725 (Ala.Crim.App. 2001) (petition for a writ of habeas corpus filed in the wrong circuit court should be transferred to the appropriate court for disposition), and Hiett v. State,642 So.2d 492, 494 n. 3 (Ala.Crim.App. 1993) (Rule 32, Ala.R.Crim. P., petition filed in the wrong court should be transferred "to the court with the authority" to rule on the petition).
In this case, Burns filed his motion in the Montgomery Circuit Court; however, he stated in his petition that he had been convicted and sentenced in the Jefferson Circuit Court. Therefore, the Montgomery Circuit Court lacked jurisdiction to rule on Burns's § 13A-5-9.1 motion for reconsideration of his sentence, and its denial of the motion is void. We certainly do not fault the circuit court in this case for denying Burns's motion instead of transferring it to the court of original conviction, as it did not have the benefit of the Alabama Supreme Court's decision in Kirby at the time it did so. Nevertheless, Burns's motion should now be transferred to the court of original conviction.
Because a void judgment will not support an appeal, this appeal is due to be, and is hereby, dismissed. See, e.g., Madden v.State, 885 So.2d 841 (Ala.Crim.App. 2003). However, Burns's motion still stands as filed in the Montgomery Circuit Court awaiting disposition. Therefore, we direct the Montgomery Circuit Court to treat Burns's petition as a § 13A-5-9.1 motion and to transfer the motion to the Jefferson Circuit Court for review by the sentencing judge or the presiding judge.[1]
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] If Burns wishes to appeal the ruling by the Jefferson Circuit Court, he must file a separate notice of appeal in Jefferson Circuit Court.