McMILLAN, Retired Appellate Judge.
 

 The appellant, the Alabama Board of Pardons and Paroles (“the Board”), appeals from the circuit court’s order of August 11, 20008, granting Deon J. Wright’s petition for a writ of certiorari and ordering the Board to enforce its order of June 29, 1998, granting him parole. The trial court stayed Wright’s release pending this appeal by the Board.
 

 In 1993, Wright was convicted of first-degree burglary and first-degree rape; he was sentenced to 21 years’ imprisonment. The Board considered Wright for parole, and on June 29, 1998, voted unanimously to grant parole. Wright was scheduled to be released on August 17, 1998. Before his release from prison on August 17,1998, one of the Board members changed his vote, and the Board rescinded its June 29, 1998, order granting parole and voted to deny parole on August 17, 1998, the same date as he was to be released.
 

 In his petition filed in the Montgomery Circuit Court on January 16, 2008, Wright claimed that the Board violated his due-process rights when it rescinded its order granting him parole in 1998, and he sought immediate reinstatement of the order granting him parole.
 

 Section 15-22-28(e), Ala.Code 1975, provides:
 

 “The Board shall not grant a parole to any prisoner who has not served at least one third or 10 years of his sentence, whichever is the lesser, except by a unanimous affirmative vote of the board.”
 

 Since Wright had served only 5 years of his 21-year sentence at the time of his first parole hearing, a unanimous affirmative vote of the Board was required to grant him parole. Therefore, when one Board member changed his vote from granting parole to denying parole on August 17, 1998, Wright was no longer eligible for parole, notwithstanding the fact that the other two Board members did not change their June 29, 1998, vote to grant parole.
 

 Section 15-22-36(b), Ala.Code 1975, requires each member of the Board favoring a pardon or parole to enter in the file his or her reasons in detail. “There is no statutory requirement that a Board member detail his reasons for denying parole.”
 
 Tedder v. Alabama Bd. of Pardons & Paroles,
 
 677 So.2d 1261, 1264 (Ala.Crim.App.1996).
 

 Wright conceded in a hearing held by the circuit court on July 15, 2008, that the Board member had the right to change his vote and that the change was made at a meeting of the Board. The trial judge’s order of August 8, 2008, stated, in pertinent part:
 

 “Wright was granted parole by a majority vote of the Board on June 29, 1998. In an arbitrary and capricious manner, the Board rescinded the parole on the date of Wright’s release. Wright was not given notice of a hearing, nor was the evidence clear that the Board appropriately allowed a board member to change his vote. Therefore, Wright is entitled to the relief requested in this Writ of Certiorari and this Court hereby Orders that the grant of parole to Wright on June 29, 1998 be enforced.”
 

 As noted in
 
 Sloan v. Board of Pardons & Paroles,
 
 647 So.2d 85, 86 (Ala.Crim.App.1994), an inmate has no liberty interest in parole; thus, due-process rights do not attach to the denial of parole, but only to the revocation of parole.
 

 “Section 15-22-26, Ala.Code 1975, contains the standards the Board must apply when considering whether an in
 
 *844
 
 mate should be considered for parole. This section states:
 

 “ ‘No prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the Board of Pardons and Paroles is of the opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society. If the board shall so determine, such prisoner shall be allowed to go upon parole outside of prison walls and enclosure upon such terms and conditions as the board shall prescribe, but to remain while thus on parole in the legal custody of the warden of the prison from which he is paroled until the expiration of the maximum term specified in his sentence or until he is fully pardoned.’
 

 “The Alabama Supreme Court has stated that this statute gives the Board total discretion to grant or deny parole. ‘Section 15-22-26 is a typical parole statute that gives the parole board total discretion in the granting of paroles.’”
 
 Thompson v. Board of Pardons & Paroles,
 
 806 So.2d 374, 375 (Ala.2001). The Alabama Supreme Court has also held that “[b]ecause the statute provides that parole may be granted at the board’s discretion, it does not confer a liberty interest in parole that is protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.”
 
 Thompson,
 
 806 So.2d at 375. This rationale is also found in § 41-22-3(3), which provides that the Board is not subject to provisions relating to due process at an administrative hearing when it “considers the granting or denial of pardons, paroles or restoration of civil and political rights or remission of fines and forfeitures.” Cf.
 
 Kirk v. State,
 
 536 So.2d 118, 119 (Ala.Crim.App.1987) (“Although it has been held that parolees do not have a constitutionally protected liberty interest under Alabama’s parole statutes, they nevertheless are entitled to a due process hearing when an attempt is made to revoke their parole.”).
 

 Ex parte Alabama Bd. of Pardons & Paroles,
 
 849 So.2d 255, 259-60 (Ala.Crim.App.2002).
 

 With regard to changing the Board’s original decision, we have said:
 

 “The courts hold or recognize that administrative agencies may reconsider and modify their determinations or correct errors on the grounds of fraud and imposition, illegality, irregularity in vital matters, mistake, misconception of facts, erroneous conclusion of law, surprise, or inadvertence.
 
 Geiger v. Mississippi State Board of Cosmetology,
 
 246 Miss. 542, 151 So.2d 189 (1963); 2 Am.Jur.2d,
 
 Administrative Law,
 
 § 524 (1962). Any deliberative body, administrative, judicial or legislative, has the inherent power to reconsider an action taken by it unless the action is such that it cannot be set aside or unless reconsideration is precluded by law.
 
 In re Fain,
 
 65 Cal.App.3d 376, 135 Cal.Rptr. 543 (1976). The power of administrative reconsideration is consistent with the principle that ‘notions’ of administrative autonomy require that the agency be given a chance to discover and correct its own errors.
 
 In re Fain,
 
 supra;
 
 McKart v. United States,
 
 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969). In the instant case it is our opinion that the Board had authority to reopen and reconsider the matter of Ellard’s parole, and revoke it if it found that its initial action in granting it was in violation of the mandatory
 
 *845
 
 provisions of the parole statute's and thus illegal and void.”
 

 Ellard v. State,
 
 474 So.2d 748, 751-52 (Ala.Crim.App.1984).
 

 Accordingly, we find that the circuit court exceeded its authority in holding that the Board’s denial of Wright’s parole was arbitrary or capricious. The judgment is, therefore, reversed and the cause remanded for the circuit court to vacate its ruling granting Wright’s petition for the writ of certiorari.
 

 The foregoing opinion was prepared by. Retired Appellate Judge H.W. “Bucky” McMillan, while serving on active-duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and WELCH, WINDOM, and KELLUM, JJ., concur.