MAIN, Judge.
 

 Brian A. Smith appeals the Montgomery Circuit Court’s denial, after a hearing, of his complaint filed pursuant to the Declaratory Judgment Act, § 6-6-220 et seq., Ala.Code 1975, seeking a declaration by the circuit court that the State of Alabama, through various public officials, had improperly, and unconstitutionally, interpreted and applied § 13A-5-40(a)(18), Ala. Code 1975. Smith initially appealed to the Court of Civil Appeals. That court transferred the appeal to the Alabama Supreme Court, and the Supreme Court transferred the appeal back to that court; the Court of Civil Appeals then transferred the appeal to this Court. For the reasons stated below, we hold that this Court does not have jurisdiction over this appeal, and we transfer the appeal back to the Court of Civil Appeals.
 

 Facts and Procedural History
 

 On September 6, 2008, Smith filed a complaint in the circuit court entitled “Complaint Pursuant to Section 6-6-220, Code of Alabama, 1975, Declaratory Judgment Act,” against the following defendants: “Fob James thru Bob Riley, Governor[s], Janice Clardy/Randall Houston, District Attorneyfs], Troy King, Attorney General, All District Attorneys A-Z in the State of Alabama.” (C. 12.) In the complaint, Smith alleged that the State of Alabama, through the above-named defendants, had, since the adoption of § 13A-5-40(a)(18), Ala.Code 1975, in 1992, improperly and unconstitutionally interpreted and applied the statute (making capital an intentional murder by or through the use of a deadly weapon used within or from a vehicle).
 

 Smith cited in his complaint Act No. 2006-642, Ala. Acts 2006, a joint resolution by the legislature (hereinafter “joint legislative resolution”), which the Alabama Legislature indicated that its intent in enacting § 13A-5-40(a)(18) was to address “drive-by shootings,” that is, “murder[s] committed by or through the use of a deadly weapon fired or otherwise used within or from a vehicle which murders were gang-related or intended to incite public terror or alarm.” The joint legislative resolution further urged the attorney general and district attorneys “to charge with violating [§ 13A-5-40(a)(18) ] only those individuals who commit murder by or through the use of a deadly weapon fired or otherwise used within or from a vehicle.” Finally, the joint legislative resolution urged this Court and the Alabama Supreme Court “to review at the earliest opportunity the interpretation of [§ 13A-5-40(a)(18) ] and hold that it applies only to those individuals who commit murder by or through the use of a deadly weapon fired or otherwise used within or from a vehicle if the vehicle is an instrumentality or otherwise involved in the murder.”
 

 Smith maintained in his complaint that the State of Alabama, through the above-named defendants, had routinely charged criminal defendants, including himself, with violating § 13A-5-40(a)(18) despite the fact that the crimes were not gang-related, and that, by doing so, the State of Alabama has unconstitutionally interpreted § 13A-5-40(a)(18) in violation of the joint
 
 *724
 
 legislative resolution and clear legislative intent. Smith stated in his complaint that he had been convicted of violating § 13A-5-40(a)(18) despite the fact that his crime was not gang-related, and he included a single statement in his complaint that “his conviction and sentence are arbitrary and unconstitutional”
 
 [1]
 
 (C. 13) as a result of the allegedly improper and unconstitutional interpretation and application of § 13A-5-40(a)(18). However, in the conclusion of the complaint, Smith stated: “Wherefore, [Smith] asks that this Honorable Court declare 13A-5^0[ (a) ](18), Code of Ala., 1975, unconstitutional in the way it has been applied to all those individuals with Capital Murder for non gang related offenses.” (C. 15.)
 

 On January 22, 2008, on behalf of defendant Randall Houston, district attorney for the 19th Judicial Circuit, an assistant district attorney filed a motion to dismiss Smith’s complaint pursuant to Rule 12(b), Ala.R.Civ.P. In the motion, the assistant district attorney argued that Smith failed to state a claim upon which relief could be granted under [§ 6-6-221, Ala.Code 1975,
 
 [2]
 
 ] of the Declaratory Judgment Act because Smith had already been convicted and sentenced under § 13A-5-40(a)(18), and, thus, “this action cannot, and will not, settle or afford relief from uncertainty and insecurity with respect to rights, status and other legal relations regarding this statute’s operation.” (C. 24.) In the alternative, the assistant district attorney argued that because Smith included a sentence in his complaint that his conviction and sentence were unconstitutional, his only avenue of relief would be through a Rule 32, Ala. R.Crim.P., petition for postconviction relief, which must be filed in the county of conviction (Smith was convicted in Chilton County) and that, therefore, the complaint filed in Montgomery County was filed in the wrong venue and the Montgomery Circuit Court lacked jurisdiction to rule on the complaint.
 

 On February 8, 2008, Smith filed a “Motion in Opposition to Defendant’s [sic] Houston Motion to Dismiss,” in which he reiterated the argument in his complaint that the State of Alabama, through the above-named defendants, had unconstitutionally interpreted and applied § 13A-5-40(a)(18), in violation of clear legislative intent, and argued that there was “a bona fide justiciable controversy” between the defendants and himself that required the circuit court to deny the assistant district attorney’s motion to dismiss. (C. 31.) Smith admitted that he had previously filed a Rule 32, Ala.R.Crim.P., petition for postconviction relief in the Chilton Circuit Court, raising a similar argument regarding the joint legislative resolution and had received no relief from either the circuit court or this Court,
 
 [3]
 
 but he argued that
 
 *725
 
 Rule 32, Ala. R.Crim. P., was not the proper avenue for seeking the relief he now sought — “to correct the Court’s misinterpretation of a statute and the way it should be applied.” (C. 34.) He also specifically stated: “The only relief that is being sought here is the Applicability of 13A-5^40(a)(18), in situation[s] wherein the crimes are not gang-related and to declare the way it has been being applied unconstitutional.” (C. 34.) Further, Smith attached to his motion in opposition an affidavit, in which he averred, among other things: “I attest lastly that I am not attacking my conviction, but only whether 13A-5^0(a)(18), Code of Ala., 1975, is applicable in situation[s] wherein the crimes are not gang-related and to declare the way it has been applied unconstitutional.” (C. 35.)
 

 On February 11, 2008, on behalf of defendants Governor Bob Riley and Attorney General Troy King, an assistant attorney general filed a motion dismiss pursuant to Rule 12(b), Ala.R.Civ.P.; the motion was almost identical to the motion to dismiss filed by the assistant district attorney. On February 25, 2008, the circuit court conducted a hearing on Smith’s complaint. The defendants were represented at the hearing by an assistant attorney general; Smith appeared pro se. At the hearing, Smith reiterated that § 13A-5^10(a)(18) had been unconstitutionally interpreted by the State of Alabama, through the defendants named in the complaint, to include all murders committed by or through the use of a deadly weapon fired within or from a vehicle when, according to Smith, the legislature intended the statute to apply only to gang-related murders committed by or through the use of a deadly weapon fired within or from a vehicle, i.e., gang-related drive-by shootings. Smith specifically stated at the hearing: “The only thing I’m asking is that the interpretation [of § 13A — 5—40(a)(18) ] be declared unconstitutional, the way they have been interpreting the statute.” (R. 5.) At the hearing, the assistant attorney general abandoned the argument advanced in the motions to dismiss that Rule 32, Ala. R.Crim.P., was the proper avenue for Smith to seek the relief he sought, and argued only that § 13A-5-40(a)(18) did not itself state that it applied only to gang-related murders and that the statute had not been amended to include such language.
 

 On March 4, 2008, the circuit court issued the following order denying Smith’s complaint:
 

 “Plaintiff seeks declaratory judgment that Ala.Code § 13A-5-40(a)(18) has been misinterpreted because of the passage of Act Number 2006-642, Bill Number HJR-575. Act Number 2006-642 clarified that the Alabama Legislature’s intent in adding subdivision (18) to § 13A-5-40(a), Ala.Code 1975, was to address ‘drive-by shootings,’ that is, ‘murder committed by or through the use of a deadly weapon fired or otherwise used within or from a vehicle which murders were gang-related or intended to incite public terror or alarm.’
 

 “In this case, the plaintiff alleges that he was found guilty of capital murder under § 13A-5^40(a)(18) without any evidence presented by the state that the crime was gang-related. However, Act No. 2006-642 is merely a joint legislative resolution and has no force of law. The Alabama Supreme Court has held that a legislative resolution has no force of law.
 
 Gunter v. Beasley,
 
 414 So.2d 41, 43 (1982). ‘A resolution is not a law but merely the form in which the legislature expresses an opinion. The Legislature has no power to make , laws by resolution.’
 
 Id.
 
 at 43. Regardless of what the Alabama Legislature’s intent was when it enacted § 13A-5-40(a)(18), the plain language of the statute made the fatal
 
 *726
 
 shooting of the victim from inside a vehicle a capital offense.
 

 “Moreover, plaintiffs complaint is styled as a request for a declaratory judgment, a statutory cause of action which is governed by Code of Alabama, § 6-6-220 (1975), et seq.
 
 See also
 
 Ala. R. Civ. P. Rule 57. Pursuant to § 6-6-221:
 

 “‘This article is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respects [sic] to rights, status and other legal relations and is to be liberally construed and administered.’
 

 “Plaintiff admits that he was charged, prosecuted, convicted and sentenced for violation of Code of Alabama, § 13A-5-40(a)(18). As such, this action cannot settle or afford relief from uncertainty and insecurity with respect to rights, status and other legal relations regarding this statute’s operation. For this reason, the complaint fails to aver a claim for which a declaratory judgment would be appropriate. Thus, plaintiffs request that this Court issue declaratory judgment that Ala.Code § 13A-5-40(a)(18) has been misinterpreted because of the passage of Act Number 2006-642, Bill Number HJR-575 is hereby DENIED. Plaintiffs claims against all defendants are hereby DISMISSED.”
 

 (C. 42-43.)
 

 On March 27, 2008, Smith filed a motion to alter, amend, or vacate the circuit court’s order denying his complaint, in which he reiterated the arguments made in his initial complaint, in his motion in opposition to the assistant district attorney’s motion to dismiss, and at the hearing. The circuit court denied the motion on April 2, 2008, and Smith filed a notice of appeal and a docketing statement to the Court of Civil Appeals on April 11, 2008. The record was certified as complete to the Court of Civil Appeals on May 29, 2008.
 

 On June 3, 2008, the Court of Civil Appeals transferred the appeal to the Alabama Supreme Court for lack of subject-matter jurisdiction. The following day, on June 4, 2008, the Supreme Court issued an order transferring the appeal back to the Court of Civil Appeals pursuant to § 12-2-7(6), Ala. Code 1975; that order stated:
 

 “IT IS ORDERED that this cause is transferred to the Court of Civil Appeals pursuant to § 12-2-7(6), Code of Alabama 1975.
 

 “IT IS FURTHER ORDERED that further proceedings in this cause shall be filed with the Court of Civil Appeals pursuant to the rules of procedure applicable to that court.”
 

 The Court of Civil Appeals then reinstated the appeal; denied as moot a motion by Smith for leave to appeal in forma pauper-is on the ground that the circuit court had already granted Smith leave to appeal in forma pauperis; and accepted Smith’s pro se appellate brief on July 15, 2008. However, on August 19, 2008, the Court of Civil Appeals issued the following notice:
 

 “You are hereby notified that the following action was taken in the above cause, by the Court of Civil Appeals:
 

 “Transferred to Criminal Appeals for lack of subject matter jurisdiction.”
 

 This Court docketed this appeal the same day it was transferred from the Court of Civil Appeals, August 19, 2008, and stayed the appellee’s briefing time. On August 28, 2008, Smith filed a motion in this Court to transfer this case back to the Court of Civil Appeals, arguing that the Court of Civil Appeals, not this Court, has jurisdiction over an appeal from a declaratory-judgment action. This Court did not rule on Smith’s motion. However, believing that Smith was correct in his
 
 *727
 
 motion to transfer and that jurisdiction over this appeal did not lie with this Court but with the Court of Civil Appeals, and that the Court of Civil Appeals had erred in transferring the appeal to this Court, but recognizing the conflicting opinions of this Court and the Court of Civil Appeals as to appellate jurisdiction, on October 15, 2008, this Court sent to the Alabama Supreme Court a “Request for Transfer to the Alabama Supreme Court,” asking that the Chief Justice designate this case to be transferred to the Supreme Court pursuant to § 12-3-14, Ala.Code 1975,
 
 [4]
 
 for that Court to “at least determine which intermediate appellate court has jurisdiction to decide this appeal.”
 

 On July 30, 2009, the Chief Justice issued the following order declining to designate this appeal for transfer:
 

 “Pursuant to Ala.Code 1975, § 12-3-14, and
 
 Burns v. State,
 
 908 So.2d 1045 (Ala.Crim.App.2004), the Court of Criminal Appeals’ request that the above-reference case be transferred from the Court of Criminal Appeals to the Supreme Court of Alabama for jurisdictional consideration is denied.”
 

 This Court then lifted the stay on the appellee’s briefing time, and an assistant attorney general filed a brief on behalf of the defendants below on August 27, 2009.
 

 Standard of Review
 

 “The question of jurisdiction is always fundamental.”
 
 Mobile & Gulf R.R. v. Crocker,
 
 455 So.2d 829, 831 (Ala.1984). As the Alabama Supreme Court explained in
 
 Reynolds v. Colonial Bank,
 
 874 So.2d 497 (Ala.2003):
 

 ‘“It would amount to usurpation and oppression for a court to interfere in a matter over which it has no jurisdiction, and its pronouncements in respect thereto would be without force, and its decrees and judgments would be wholly void. This is a universal principle, as old as the law itself; hence
 
 the question of jurisdiction is a question of primary importance in every case, and, if there is an absence of jurisdiction over the subject-matter, this ends the inquiry; it cannot be waived or supplied by consent.’
 
 ”
 

 874 So.2d at 502-03 (quoting
 
 Wilkinson v. Henry,
 
 221 Ala. 254, 256, 128 So. 362, 364 (1930) (emphasis added in
 
 Reynolds)).
 
 Therefore, “it is the duty of an appellate court to consider lack of subject matter jurisdiction
 
 ex mero motu.” Ex parte Smith,
 
 438 So.2d 766, 768 (Ala.1983).
 

 Analysis
 

 In declining to transfer this case to consider the question of which intermediate appellate court has jurisdiction over this appeal, the Alabama Supreme Court cited § 12-3-14, Ala.Code 1975
 
 (see
 
 supra note 4), and
 
 Burns v. State,
 
 908 So.2d 1045 (Ala.Crim.App.2004). In
 
 Burns,
 
 Darryl Burns filed a petition in the Montgomery Circuit Court styled as a petition for a writ
 
 *728
 
 of mandamus, requesting, pursuant to § 13A-5-9.1, Ala.Code 1975, which made retroactive an amendment to the Habitual Felony Offender Act that became effective May 25, 2000, that the circuit court reconsider his sentence of life imprisonment without the possibility of parole. After receiving a response from the Department of Corrections and conducting an eviden-tiary hearing, the circuit court denied Burns’s petition.
 

 On appeal, this Court, citing
 
 Kirby v. State,
 
 899 So.2d 968 (Ala.2004), recognized that a motion for reconsideration of sentence pursuant to § 13A-5-9.1, Ala.Code 1975, was the proper avenue for seeking reconsideration of sentence, and we treated Burns’s petition as such a motion, despite the fact that it was styled as a petition for a writ of mandamus. In doing so, this Court cited the Supreme Court’s opinion in
 
 Ex parte Deramus,
 
 882 So.2d 875 (Ala.2002), in which that Court stated:
 

 “[T]he mere mislabeling of a motion is not fatal.
 
 King Mines Resort, Inc. v. Malachi Mining & Minerals, Inc.,
 
 518 So.2d 714, 718 (Ala.1987). This Court has stated that it is ‘committed to the proposition that it will treat a motion (or other pleading) and its assigned grounds according to its substance.’
 
 King Mines Resort,
 
 518 So.2d at 718; see also
 
 Lockhart v. Phenix City Inv. Co.,
 
 488 So.2d 1353 (Ala.1986), and
 
 Sexton v. Prisock,
 
 495 So.2d 581 (Ala.1986). Further, the Court has held that ‘[t]he substance of a motion and not its style determines what kind of motion it is.’
 
 Evans v. Waddell,
 
 689 So.2d 23, 26 (Ala.1997).”
 

 882 So.2d at 876. We then dismissed Burns’s appeal on the ground that the Montgomery Circuit Court did not have jui’isdiction to rule on Burns’s petition because a motion for reconsideration of sentence filed under § 13A-5-9.1, Ala.Code 1975, must be filed in the court of original conviction, and Burns had been convicted and sentenced in the Jefferson Circuit Court.
 

 As in
 
 Burns,
 
 we look here to the substance of Smith’s complaint, not its style. As noted above, in his complaint, Smith, relying on the joint legislative resolution, argued that the State of Alabama, through the defendants named in the complaint, has been improperly and unconstitutionally interpreting and applying § 13A-5-40(a)(18), Ala.Code 1975, in contravention of clear legislative intent, and he requested “that this Honorable Court declare 13A-5-40(a)(18), Code of Ala., 1975, unconstitutional in the way it has been applied to all those individuals with Capital Murder for non gang related offenses.” (C. 15.) At no point in his complaint did Smith request relief from his conviction or sentence. Rather, Smith’s
 
 sole
 
 request for relief was a judgment by the circuit court declaring that the State of Alabama, through various public officials, had been unconstitutionally interpreting § 13A-5-40(a)(18). The type of relief requested by Smith is appropriate in a declaratory-judgment action.
 
 See, e.g., Ex parte Glover,
 
 801 So.2d 1 (Ala.2001), and the cases cited therein.
 

 Although Smith stated in his complaint that he had, in fact, been convicted and sentenced under § 13A-5-40(a)(18), and in one sentence stated that “his conviction and sentence are arbitrary and unconstitutional” (C. 13) as a result of the allegedly unconstitutional interpretation of § 13A-5-40(a)(18), a single sentence in an inmate’s filing does not transform what is clearly a declaratory-judgment action into a Rule 32, Ala.R.Crim.P., petition for post-conviction relief. Likewise, the fact that the plaintiff in a clearly civil action is an inmate does not automatically make that action a postconviction writ that would fall within this Court’s appellate jurisdiction.
 
 See, e.g., Thompson v. Board of Pardons and Paroles,
 
 806 So.2d 374 (Ala.2001) (jurisdiction for appeal from inmate’s declara
 
 *729
 
 tory-judgment action was with the Supreme Court);
 
 Hartley v. State,
 
 882 So.2d 869 (Ala.Civ.App.2003) (jurisdiction for appeal from inmate’s declaratory-judgment action was with the Court of Civil Appeals after transfer from Supreme Court); and
 
 Lane v. Sticker,
 
 876 So.2d 469 (Ala.Civ.App.2003) (same).
 

 We find support for our conclusion that Smith’s complaint is a declaratory-judgment action in the additional filings by Smith in the circuit court, as well as in his statements at the hearing, and in the circuit court’s order denying Smith’s complaint. In his motion in opposition to the district attorney’s motion to dismiss, Smith specifically stated: “The
 
 only
 
 relief that is being sought here is the applicability of 13A-5^40(a)(18), in situation[s] wherein the crimes are not gang-related and to declare the way it has been being applied unconstitutional.” (C. 34; emphasis added.) Further, in his affidavit attached to that motion, Smith stated: “I attest lastly that I am
 
 not attacking my conviction,
 
 but only whether 13A-5^fO(a)(18), Code of Ala., 1975, is applicable in situation[s] wherein the crimes are not gang-related and to declare the way it has been applied unconstitutional.” (C. 35; emphasis added.) At the hearing on his complaint, Smith again reiterated: “The
 
 only
 
 thing I’m asking is that the interpretation [of § 13A-5-40(a)(18) ] be declared unconstitutional, the way they have been interpreting the statute.” (R. 5; emphasis added.) Finally, although the circuit court noted in its order that Smith had been convicted and sentenced under § 13A-5-40(a)(18), Ala.Code 1975, and that his conviction and sentence were proper even in light of the joint legislative resolution, the court characterized the complaint as a declaratory-judgment action, stating: “Plaintiff seeks declaratory judgment that Ala.Code § 13A-5-40(a)(18) has been misinterpreted because of the passage of Act Number 2006-642, Bill Number HJR-575.” (C. 42.) In addition, despite the assistant district attorney and assistant attorney general presenting as alternative arguments in their respective motions to dismiss that Smith’s proper avenue for seeking relief would be through a Rule 32 petition and that, thus, the Montgomery Circuit Court, which was not the court of Smith’s conviction, did not have jurisdiction over the complaint, the circuit court did not treat the complaint as a Rule 32 petition nor did it even mention Rule 32 in its order. . Instead, the court properly treated the complaint according to its substance — a declaratory-judgment action — specifically ruling: “[Pjlaintiffs request that this Court issue declaratory judgment that Ala.Code § 13A-5-40(a)(18) has been misinterpreted because of the passage of Act Number 2006-642, Bill Number HJR-575 is hereby DENIED.” (C. 43.)
 

 Considering the substance of Smith’s complaint and not its style, it is clear that the complaint commenced a declaratory-judgment action, i.e., an action seeking a declaration that the State of Alabama has been unconstitutionally interpreting and applying § 13A-5-40(a)(18), Ala.Code 1975: it is not a Rule 32 petition challenging Smith’s conviction and sentence.
 
 [5]
 

 
 *730
 
 This Court’s appellate jurisdiction is governed by Article VI, § 141(a), Ala. Const.1901, which provides, in pertinent part, that “[t]he court of criminal appeals shall ... exercise appellate jurisdiction under such terms and conditions as shall be provided by law and by rules of the supreme court.” Section 12-3-9, Ala.Code 1975 (Off.Recomp.), in turn, provides that “[t]he Court of Criminal Appeals shall have exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post conviction writs in criminal cases.”
 

 A declaratory-judgment action is, by its nature, a civil action, not a postcon-viction writ in a criminal case.
 
 See
 
 § 6-6-228, Ala.Code 1975 (“When a proceeding under this article [regarding declaratory-judgment actions] involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined
 
 in other civil actions
 
 in the court in which the proceeding is pending.” (emphasis added));
 
 Ex parte National Ins. Underwriters,
 
 366 So.2d 687 (Ala.1978) (characterizing a declaratory-judgment action as a civil action);
 
 Boyd v. State,
 
 960 So.2d 722, 724 n. 3 (Ala.2006) (See, J., concurring specially) (“ ‘[Declaratory judgment actions are, by their nature, civil actions.’
 
 Lyons v. Norris,
 
 727 So.2d 780, 780-81 (Ala.1998) (Maddox, J., dissenting).”); and
 
 Mabry v. Norris,
 
 794 So.2d 1224 (Ala.Crim.App.2000) (declaratory-judgment action is a civil, not criminal, action). Therefore, this Court has no jurisdiction to hear an appeal from a declaratory-judgment action.
 
 See Thompson v. Alabama State Board of Pardons and Paroles,
 
 794 So.2d 446 (Ala. Crim.App.), on subsequent appeal, 806 So.2d 374 (Ala.2001).
 

 Having determined that we do not have jurisdiction over this appeal, we must now determine whether jurisdiction lies with the Court of Civil Appeals or with the Alabama Supreme Court. “The court of civil appeals shall ... exercise appellate jurisdiction under such terms and conditions as shall be provided by law and by rules of the supreme court.” Art. VI, § 141(b), Ala. Const.1901 (Off.Recomp.). Section 12-3-10, Ala.Code 1975, vests in the Court of Civil Appeals “exclusive appellate jurisdiction of all civil cases where the amount involved, exclusive of interest and costs, does not exceed $50,000, all appeals from administrative agencies other than the Alabama Public Service Commission, all appeals in workers’ compensation cases, all appeals in domestic relations cases, including annulment, divorce, adoption, and child custody cases_” Pursuant to Art. VI, § 140(c), Ala. Const.1901 (Off.Recomp.), the Supreme Court has “such appellate jurisdiction as may be provided by law,” and pursuant to § 12-2-7(1) and (7), Ala.Code 1975 (Off.Recomp.), the Supreme Court has the authority to “exercise appellate jurisdiction coextensive with the state, under such restrictions and regulations as are prescribed by law” and to “exercise such other powers as are or may be given to the Supreme Court by law.”
 

 In
 
 Thompson v. Alabama State Board of Pardons and Paroles,
 
 794 So.2d 446 (Ala.Crim.App.2001) (hereinafter
 
 “Thompson I
 
 ”), William Thompson, Sr., and two other inmates filed a complaint in the circuit court styled as a petition for a writ of certiorari, in which they sought a declaration by the circuit court that § 15-22-26,
 
 *731
 
 Ala.Code 1975, a provision in the chapter of the Alabama Code dealing with pardons, paroles, and probation, was unconstitutional on its face and as applied by the Board of Pardons and Paroles. The circuit court entered a summary judgment in favor of the respondents — the Governor, the Commissioner of Prisons, and the Director of the Board of Pardons and Paroles at that time — and the inmates appealed to this Court. This Court held that “[wjhile the petition is styled as one seeking a writ of certiorari, it is in fact a petition seeking a declaratory judgment,” and that this Court did not have jurisdiction over the appeal.
 
 Thompson I,
 
 794 So.2d at 447. This Court further held that, based on the Supreme Court’s decision in
 
 Ex parte Galanos,
 
 796 So.2d 390, 393 (Ala.2000)—in which that Court held that “after litigation in the circuit court, a judgment in a declaratory-judgment action may be appealed to the Court of Civil Appeals” — an appeal from a declaratory-judgment action “is appealable to either the Alabama Court of Civil Appeals or the Alabama Supreme Court, depending upon the monetary amount, if any, involved.”
 
 Thompson I,
 
 794 So.2d at 447. Because Thompson’s petition for a declaratory judgment did not request any monetary relief, this Court transferred the appeal to the Court of Civil Appeals.
 

 The Court of Civil Appeals then transferred the appeal to the Supreme Court, which stated:
 

 “The Court of Civil Appeals recognized that it did not have jurisdiction over the case, because it concerned a matter not expressly assigned to that court by § 12-3-10, Ala.Code 1975; it transferred this appeal to this Court, pursuant to § 12-1-4, Ala.Code 1975.
 
 Ex parte R.B.Z.,
 
 725 So.2d 257, 260 (Ala.1997) (‘The Court of Civil Appeals does not have jurisdiction over an appeal outside the scope of § 12-3-10 unless and until this Court transfers — deflects— that appeal to it.’). Because the Court of Civil Appeals does not have exclusive appellate jurisdiction of this matter, jurisdiction rests in this Court.”
 

 Thompson v. Board of Pardons and Paroles,
 
 806 So.2d 374, 375 (Ala.2001) (hereinafter
 
 “Thompson II
 
 ”).
 

 Based on the Supreme Court’s opinion in
 
 Thompson II,
 
 it appears that appellate jurisdiction over this appeal — which, like the appeal in
 
 Thompson I
 
 and
 
 Thompson II,
 
 involves a declaratory-judgment action that does not seek monetary relief — lies with the Supreme Court because it does not concern a matter expressly set out in § 12-3-10, Ala.Code 1975. However, as recognized by the Supreme Court in
 
 Thompson II,
 
 and in
 
 Ex parte R.B.Z.,
 
 725 So.2d 257 (Ala.1997), the Court of Civil Appeals may take jurisdiction over an appeal that is not expressly assigned to it by § 12-3-10, Ala.Code 1975, if that appeal is transferred to it by the Supreme Court pursuant to § 12-2-7(6), Ala.Code 1975, which provides:
 

 “The Supreme Court shall have authority:
 

 [[Image here]]
 

 “(6) To transfer to the Court of Civil Appeals, for determination by that court, any civil case appealed to the Supreme Court and within the appellate jurisdiction of the Supreme Court, except the following:
 

 “a. A case that the Supreme Court determines presents a substantial question of federal or state constitutional law.
 

 “b. A case that the Supreme Court determines involves a novel legal question, the resolution of which will have significant statewide impact.
 

 “e. A utility rate case appealed directly to the Supreme Court under the provisions of Section 37-1-140.
 

 
 *732
 
 “d. A bond validation proceeding appealed to the Supreme Court under the provisions of Section 6-6-754.
 

 “e. A bar disciplinary proceeding.”
 

 As the Supreme Court explained in
 
 Ex parte R.B.Z.:
 

 “The only way the Court of Civil Appeals may take jurisdiction over a matter not expressly assigned to that court by § 12-3-10 is by a transfer pursuant to § 12-2-7(6), a transfer commonly called ‘deflection.’ The plaintiffs incorrectly argue that the statute permitting deflection gives this Court and the Court of Civil Appeals concurrent jurisdiction over all matters not covered by § 12-3-10.
 
 Deflection is provided by § 12-2-7(6), which allows this Court to grant the Court of Civil Appeals jurisdiction over a case that this Cowt deflects to that court,
 
 provided the case does not fall into one of the exceptions listed.
 
 The Court of Civil Appeals does not have jurisdiction over an appeal outside the scope of § 12-3-10 unless and until this Court transfers
 
 — deflects—that
 
 appeal to it.”
 

 725 So.2d at 260 (emphasis added).
 

 In this particular case, the Supreme Court transferred — or deflected — this appeal to the Court of Civil Appeals on June 4, 2008. The order transferring the appeal specifically cited § 12-2-7(6), Ala.Code 1975, and specifically ordered that “further proceedings in this cause
 
 shall be filed with the CouH of Civil Appeals
 
 pursuant to the rules of procedure applicable to that court.” (Emphasis added.) By transferring this appeal to the Court of Civil Appeals on June 4, 2008, pursuant to § 12-2-7(6), Ala. Code 1975, the Supreme Court granted the Court of Civil Appeals jurisdiction over this appeal, even though the matter in this appeal is not one of those specifically listed in § 12-3-10, Ala.Code 1975.
 

 This Court is “bound by the decisions of the Alabama Supreme Court and ... we cannot overrule the decisions of that Court.”
 
 L.J.K. v. State,
 
 942 So.2d 854, 873 (Ala.Crim.App.2005).
 
 See also
 
 § 12-3-16, Ala.Code 1975 (“The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals, and the decisions and proceedings of such courts of appeals shall be subject to the general superintendence and control of the Supreme Court... .”).
 
 [6]
 
 Moreover:
 

 “ ‘ “A lower court is without power to modify, alter, amend, set aside or in any manner disturb or depart from the judgment of the reviewing court as to any matter decided on appeal.... Under any other rule, litigation would never cease, and finality and respect for orderly process of law would be overcome by chaos and contempt.” ’ ”
 

 Ex parte Woodard,
 
 883 So.2d 256, 260 (Ala.Crim.App.2003) (quoting
 
 Hutchison v. Luddy,
 
 763 A.2d 826, 835 (Pa.Super.2000), vacated on other grounds, 582 Pa. 114, 870 A.2d 766 (2005) (quoting in turn
 
 Haefele v. Davis,
 
 380 Pa. 94, 98, 110 A.2d 233, 235 (1955))).
 

 “Under the doctrine of the ‘law of the case,’ whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case.”
 

 Blumberg v. Touche Ross & Co.,
 
 514 So.2d 922, 924 (Ala.1987).
 

 
 *733
 
 “ ‘Under the “law of the case” doctrine, “a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.”
 
 Thomas v. Bible,
 
 983 F.2d 152, 154 (9th Cir.)
 
 (cert. denied,
 
 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 661 (1993)). The doctrine is not a limitation on a tribunal’s power, but rather a guide to discretion.
 
 Arizona v. California,
 
 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). A court may have discretion to depart from the law of the case where ... the evidence on remand is substantially different....’”
 

 Callahan v. State,
 
 767 So.2d 380, 387 (Ala.Crim.App.1999) (quoting
 
 United States v. Alexander,
 
 106 F.3d 874, 876 (9th Cir.1997)).
 

 In this case, the facts before the Supreme Court when it issued its June 4, 2008, order transferring this appeal to the Court of Civil Appeals are the same facts that are now before this Court. The record before this Court — containing Smith’s complaint, his other filings, the motions to dismiss, and the circuit court’s order — was certified as complete and filed with the Court of Civil Appeals on May 29, 2008, before that court transferred this appeal to the Supreme Court. Thus, the Supreme Court had the record before it when it chose to deflect this appeal to the Court of Civil Appeals, and we are bound by the Supreme Court’s June 4, 2008, order transferring this appeal to the Court of Civil Appeals pursuant to § 12-2-7(6), Ala. Code 1975, and thereby vesting jurisdiction over this appeal in that court.
 

 Conclusion
 

 For the reasons explained above, jurisdiction over this appeal lies with the Court of Civil Appeals. Section 12-1-4, Ala.Code 1975, provides:
 

 “When any case
 
 is submitted to the Supreme Court which should have gone to one of the courts of appeals or
 
 is submitted to one court of appeals when it should have gone to the other, it must not be dismissed but shall be transferred to the proper court;
 
 and, when any case is submitted to a court of appeals which should have gone to the Supreme Court, it shall be transferred to the Supreme Court.”
 

 (Emphasis added.) Accordingly, we transfer this appeal to the Court of Civil Appeals.
 

 APPEAL TRANSFERRED.
 
 *
 

 WISE, P.J., and WELCH, WINDOM, and KELLUM, JJ., concur.
 

 [1]
 

 . Taking judicial notice of our own records,
 
 see Hull v. State,
 
 607 So.2d 369 (Ala.Crim.App.1992), we note that Smith was convicted of violating § 13A — 5—40(a)( 1S) in 1996 and was sentenced to life imprisonment without the possibility of parole. This Court affirmed his conviction and sentence on appeal.
 
 Smith v. State,
 
 745 So.2d 922 (Ala.Crim.App.1999).
 

 [2]
 

 . Section 6-6-221, Ala.Code 1975, provides, in pertinent part:
 

 "This article [regarding declaratory judgments] is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respects [sic] to rights, status, and other legal relations and is to be liberally construed and administered."
 

 [3]
 

 .Our records reflect that Smith raised this claim in his third Rule 32, Ala.R.Crim.P., petition, filed in August 2006 (before he filed the present complaint); that the circuit court summarily dismissed the petition in November 2006; and that this Court affirmed the dismissal on appeal in an unpublished memorandum issued on October 26, 2007.
 
 Smith v. State,
 
 (No. CR-06-0519) 19 So.3d 260 (Ala.Crim.App.2007) (table).
 

 [4]
 

 . Section 12-3-14, Ala.Code 1975, provides:
 

 "When it is deemed advisable or necessary for the proper dispatch of the business of the Alabama Court of Criminal Appeals, the Chief Justice of the Supreme Court, with the advice of the Supreme Court and the presiding judge of the Alabama Court of Criminal Appeals, may in writing designate any case in the Court of Criminal Appeals to be transferred to the Supreme Court for hearing and final determination by that court. Such written designation shall be entered upon the minutes of each of the courts, and Clerk of the Court of Criminal Appeals shall deliver to the Clerk of the Supreme Court the transcript of the record and all other papers in the cases so designated, together with copies of any orders that may be made in any such cases by the Court of Criminal Appeals. Upon the making or entering of such designation, the jurisdiction and control of the Court of Criminal Appeals over the designated case shall cease and terminate.”
 

 [5]
 

 . We recognize that Smith's purpose in pursuing this declaratory-judgment action is to lay the groundwork for a subsequent Rule 32 petition challenging his conviction. As noted above, Smith raised a similar argument regarding § 13A — 5—40(a)(18) in a Rule 32 petition and was denied relief by the circuit court. In affirming the circuit court’s denial of Smith's petition, this Court held that the joint legislative resolution upon which Smith relied had no force of law and did not amount to an amendment to § 13A-5-40(a)(18), Ala.Code 1975.
 
 Smith v. State
 
 (No. CR-06-0519), 19 So.3d 260 (Ala.Crim.App.2007) (table). It is clear to us that, having found no relief by relying on the joint legislative resolution, Smith is hoping to obtain a declaration by a circuit court that the State of Alabama has been unconstitutionally interpreting and ap
 
 *730
 
 plying § 13A-5-40(a)(18) so that he may then file a Rule 32 petition challenging his conviction by relying on the circuit court’s declaration. However, the fact that Smith’s ultimate goal is to challenge his conviction by way of Rule 32 does not mean that the present complaint is a Rule 32 petition.
 

 [6]
 

 . A "decision” is defined in
 
 Black's Law Dictionary
 
 436 (8th ed.2004), as "[a] judicial or agency determination after consideration of the facts and the law; esp., a ruling,
 
 order,
 
 or judgment pronounced by a court when considering or disposing of a case.” (Emphasis added.)
 

 *
 

 Note from the reporter of decisions: On April 2, 2010, the Court of Civil Appeals affirmed, without opinion. On July 9, 2010, that court denied rehearing, without opinion (2070677). Those actions will appear on tables of decisions without published opinions.